## ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. T. M. DICKEY.

1. RAILWAY COMPANY—*Petition Held Sufficient.* Where the plaintiff, in an action for damages arising from injuries received through the alleged negligence and carelessness of a railroad company, relies upon the common-law action and not upon a statutory right to recover, it is unnecessary for the petition to show that the action could be maintained in the state where it is alleged the injury occurred, even where the action is commenced in this state and the injury is alleged to have occurred in another state.

2. ―――― *Injuries to Wife—What Petition Must Allege.* In an action brought by the husband to recover damages arising from loss of services of his wife, which it is alleged arose from certain injuries received by her through the negligence and carelessness of a railroad company, the petition must not only allege the marital relation, but also such other facts as indicate that at the time of the injury the relations of the plaintiff and his wife were such as to entitle him to her services.

3. SPECIAL FINDINGS, *Inconsistent—New Trial.* Where certain special findings answered by the jury and returned with their general verdict are inconsistent with each other and are contrary to the evidence, a new trial should be granted.

4. ―――― *Show Passion and Prejudice.* Where in an action for damages the answers to the special findings disclose that a large part of the verdict was rendered under the influence of prejudice and passion, it must be presumed that the whole verdict was rendered under like influence, and in such a case a new trial should be granted.

5. DAMAGES—*Answer—Evidence.* Where in an action for damages the answer sets up certain acts which it is claimed show contributory negligence, the evidence under such answer is properly restricted to the particular acts so alleged.

MEMORANDUM.—Error from Finney district court; A. J. ABBOTT, judge. Action brought by T. M. Dickey against The Atchison, Topeka & Santa Fe Railroad Company to recover damages for loss of services, etc., of plaintiff's wife. Judgment for plaintiff for $1,729, and costs. Reversed. The opinion herein, filed October 9, 1895, sufficiently states the facts.

*A. A. Hurd*, and *M. W. Sutton*, for plaintiff in error.
*George E. Morgan*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : This was an action brought in the district court of Finney county, Kansas, by T. M. Dickey, as the husband of Jane Dickey, in which he seeks to recover from the railroad company for alleged loss of services consequent upon the injury of Jane Dickey through the negligence and carelessness of said company. There was a verdict and judgment for the plaintiff below, and the railroad company brings the case here for review.

The petition alleges that for a long time previous to the 29th day of October, 1888, and at the time of filing said petition, the plaintiff and Jane Dickey were husband and wife. It then alleges the corporate existence of the defendant company under the laws of the state of Kansas, and that said company was engaged in the business of operating a railroad and carrying passengers for hire upon its cars in the states of Kansas and Colorado ; that on or about the 29th day of October, 1888, Jane Dickey purchased from defendant's agent at Garden City, in the state of Kansas, a ticket from Garden City to Pueblo, Col., and entered one of the regular passenger-cars provided by the defendant for transporting passengers from Garden City to Pueblo ; that she remained in said car until the train reached the town of La Junta, Col., at which point, it is alleged, she was requested by the agent of the defendant to leave said car and enter another ; that while she was endeavoring to comply with said request, and while upon the steps, the said car was, by the servants of the defendant negligently

and without any warning, suddenly and violently moved, by which she was thrown to the ground between the platform and the track, and that while in such position she was by the motion of the car bruised and lacerated, and that the bones of her lower leg and ankle were crushed, and that by reason of such fall and injuries and the fright occasioned thereby her nervous system was severely shocked; that the injuries complained of were permanent, greatly impaired the use of the limb so injured, and rendered her a permanent cripple. The petition then alleges that by reason of such injuries so inflicted on his wife the plaintiff has been compelled to expend large sums of money for medical attendance, medicine, and nursing, and for other purposes in caring for her during the illness caused by said injury, and that by reason of the nature and permanent character of the injuries so inflicted upon his wife, plaintiff has been and will be put to great expense for the proper care of his wife, and has been and will be deprived of her services, to his damage in the sum of $5,000, for which sum he prays judgment.

To this petition the defendant railroad company filed its general demurrer, which was by the court overruled, which ruling is assigned as the first error in this case. The grounds urged by counsel for plaintiff in error, upon which it is claimed the demurrer should have been sustained, are : (1) That the petition should have alleged not only that the plaintiff and Jane Dickey were husband and wife at the time the injuries were alleged to have been received by her and at the time the action was commenced, but should also show that the plaintiff and Jane Dickey lived and cohabited together during such time, and that such actual relations existed between them as would indi-

date that plaintiff was entitled to her services; (2) that the petition showed that the injuries were received in the state of Colorado, and fails to show that this action could have been maintained in the state of Colorado, and it must appear in the petition that the injury was actionable in Colorado, where it occurred, before the action could be maintained for such injury in the state of Kansas.

The second of these propositions is without merit. The plaintiff in this action was pursuing, not a statutory remedy, but a common-law right of action, transitory in its nature, and which could be maintained in this state. The case cited by the counsel for the plaintiff in error was where a statutory right alone had been invoked, and the decision therein given plainly proceeds upon that theory.

The other objection raises a more serious question. It is true, that the rule formerly was that husband and wife are one person, and that he has the exclusive right to the labor, services and earnings of the wife, and, if this rule still obtains, it follows as a natural result that an allegation of the marital relation would be sufficient. But, this old rule has been radically and, we think, wisely changed. Many of the restraints and disabilities of coverture have been removed by positive legislative enactment, so that to-day, in this state, a married woman may carry on any trade or business, perform any labor or service, and her earnings from said trade or business, labor or service, are her sole and separate property, and she may sue both to protect and enforce her rights in the same manner as if she were unmarried. It follows from this, as was said in an opinion delivered by Mr. Justice JOHNSTON, in *City of Wyandotte v. Agan*, 37 Kas. 530:

"That the time and services of the wife did not

necessarily belong to the husband, nor does an injury which causes the loss of such time and service necessarily accrue to him. At least a portion of her time may be given to the labor or business done on her sole and separate account. The profits or earnings of such labor or business are her sole and separate property, and cannot be appropriated or controlled by her husband without her consent. So far, then, as she is deprived of these she suffers a loss which is personal to herself, for which she alone can recover. The fact that she is partially or wholly dependent upon the husband for support does not abridge her right of action, nor transfer to him that which accrued solely to her.''

In *Townsdin v. Nutt*, 19 Kas. 282, an action was brought by the wife to recover damages for an alleged assault and battery. The petition was in the usual form, and did not disclose that the plaintiff was a married woman. It did state that she was hindered and prevented from performing her necessary work from the injuries which she received, and that she had been compelled to pay and had paid a certain sum to be cured of such injuries. The defendant, in answer to this petition, set forth as a separate defense, that at and before the filing of said petition the plaintiff was a married woman, intermarried with William Nutt, and that she is still a married woman. Upon the motion of the plaintiff, the trial court struck out this defense as irrelevant and immaterial matter, and this being alleged as error, the supreme court, in an opinion written by Chief Justice Horton, says:

''No error was committed thereby. Even if the husband be liable in some cases for medical aid furnished the wife, and under some conditions is the party to recover for the loss of the services of the wife, in this case the pleading struck out was not sufficiently specific and full to tender a defense. The injuries were alleged to have occurred about the 1st day of

February, 1876.   The petition was not filed till March afterward ; and as to the coverture of the plaintiff at the time of the assault and battery, nothing is asserted. Nor does the attempted answer set forth any circumstances showing that within the decisions of this court the husband was responsible ‘ for the medical treatment of the wife or entitled to her earnings. Not only should the marriage have been stated as of the time prior to the payment of the money for medical treatment and loss of service, but the pleading should at least have shown that the plaintiff and her husband lived and cohabited together, and possibly it should also have appeared that the wife was not engaged in performing labor and services on her separate account.   .   .   .   The plaintiff in error seems to have contented himself with the old plea of *feme covert*, and to have disregarded the provisions of the laws which authorize a married woman to sue and be sued in the same manner as if she was unmarried, and to perform labor and services on her sole and separate account, and make the earnings therefrom her sole and separate property.''

From the doctrine announced in these two cases it plainly appears that a pleading which simply alleges the marital relation does not tender an issue as regards the services of the wife, either as a cause of action or as a defense.   Nor do we think that the further allegation contained in the petition in this case that by reason of the injuries complained of the plaintiff ''has been and will be deprived of her services,'' is sufficient to remedy this defect.   This latter allegation is a statement of a conclusion alleged by the pleader to be the natural result of the injuries sustained, and not the result of any relationship existing between the plaintiff and the injured party by reason of which plaintiff was entitled to such services.   It could only have the force contended for by the defendant in error by invoking the aid of the old rule of law which the

later decisions and statutory enactments have so radically changed. Upon the first objection urged by the plaintiff in error the demurrer should have been sustained.

Plaintiff in error further urges that the trial court erred in overruling the motion for a new trial made by the plaintiff in error below, for the reason that the answers to the special questions of fact submitted to the jury at its request were inconsistent, contrary to the evidence, and the amount awarded excessive. The questions and answers to which our attention is especially directed, are as follows :

"7. How much do you allow plaintiff for loss of services of his wife? Ans. $400.

"8. Did you allow plaintiff anything for loss of society of his wife? If so, how much? A. $1,200."

"12. How much do you find the plaintiff was required and obligated to pay for help employed to perform the ordinary services that would have been performed by Mrs. Dickey but for the injury complained of? A. Nothing."

The court, in instructing the jury as to the measure of damages in case the plaintiff should recover, carefully set forth its views, specifying exactly what damages the jury were entitled to allow in a case of this kind.

First, as to expenses, the court instructed, in substance, that if the plaintiff was entitled to recover at all, he was entitled to recover for the pecuniary loss sustained by him by reason of the injury of his wife, and that such loss was the actual amount necessarily incurred by him for medicines, medical attendance, and such necessary appliances as he purchased, also the actual amount paid or obligations incurred by him for the necessary services and labor substituted for the ordinary services of his wife. And the court in-

structed, in substance, that as to services in a case of this character there was included whatever of aid, assistance, comfort and society the wife was expected to render to or bestow upon her husband under the circumstances in which they were placed, and that, as applied to husband and wife, loss of services means loss of society, assistance, comfort and aid which the wife only could bestow, and not simply those menial services which could be measured in value by the money required to pay for them or to purchase their substitute. Clearly, under these instructions, the court intended, in case the jury should find for the plaintiff, that they should find : (1) Such actual expenses as he had incurred by reason of the injury, and which were specifically named ; (2) as a compensation for the loss of services, such sum as would remunerate plaintiff, not only for the actual service which the wife might have rendered, but also, as included by the court in the term services, a recompense for the loss of her society, aid and comfort, as explained by the court. A necessary deduction from these instructions is, that whatever was allowed for loss of services and society should be included in the one sum, and that whatever further sum was allowed should be simply to cover the actual monetary loss incurred by the plaintiff. The evidence in this case and the finding of the jury in answer to the twelfth question submitted to them show that the plaintiff had been damaged in no sum whatever by reason of the loss of the ordinary services that would have been performed by his wife but for the injury complained of. If this was the case, he was not entitled to recover for any loss ; yet, the jury allowed him $400 for the loss of services of his wife. These two findings are plainly inconsistent with each other, and are also in-

consistent with the answer to the eighth finding on which plaintiff was allowed to recover $1,200 for the loss of his wife's society. Counsel for the defendant in error contends that this court ought not to sanction the employment of special questions for the purpose of tricking jurors into an apparent disregard of the instructions of the court. We do not so consider these questions They were plainly framed, and the instructions of the court plainly directed the manner in which they should be answered. The defendant below had a right by plain questions to have indicated to it the grounds upon which the jury granted damages to the plaintiff below.

The plaintiff in error further contends that the court erred in excluding certain evidence offered on the trial of said cause by said plaintiff in error. The character of the testimony offered was to prove that a portion of the injuries complained of resulted from a lack of care and attention on the part of the plaintiff and his wife from a failure to procure, within what was claimed to be a reasonable time, medical attention for said injuries, and the defendant also attempted to show that the treatment first given by the physician called was unskillful, and in a great measure caused the permanency of such injury. The court properly excluded such evidence. The defense tendered by the railroad company attempted to set up certain contributory negligence by alleging that the injuries complained of by Mrs. Dickey were the result of her own carelessness, and that only for the reason, as it alleges, that she stepped from the train while it was yet moving, and after, as it was claimed, she had been directed by the servants of the defendant company to retain her seat until the train had stopped. The plaintiff had a right to assume that this would

be the only act of contributory negligence which he would be called upon to meet, and the evidence was, therefore, properly restricted to that point.

A further reason urged by the plaintiff in error why a motion for a new trial should have been sustained is that the damages are excessive, and appear to have been given under the influence of prejudice and passion.    It is the duty of courts to see that exact justice is meted out to all litigants alike, and whenever either the letter of the law entirely lacking its spirit is invoked upon the one hand or a blind prejudice upon the other, the success of either being the destruction of law and society, courts should use their power to protect litigants, thereby maintaining the rights of society at large, and subserving the true purposes for which they were formed.    It is plain from the evidence in this case that the wife of plaintiff was injured, and there is an abundance of evidence to sustain the proposition that this injury was the result of the negligence and carelessness of the servants of the plaintiff in error ; but because this is true, and because under the evidence plaintiff may have been entitled to recover some amount, it does not follow that this court should sustain a judgment based upon a verdict that not only entirely disregards the instructions of the trial court, but assesses large sums for damages which are based upon no evidence whatever.    This was not an action brought by the party injured, but was one accruing to a third party, who was a person standing in a peculiar relation in life to the injured person.    As before stated, the court clearly instructed the jury as to what measure of damages the plaintiff in this action was entitled to recover ; but, notwithstanding these instructions, the jury found the sum of $500 for mental distress and anxiety, and $266 for personal service of the plaintiff

in nursing and caring for his wife. No testimony whatever was given to form a basis for these items of damage, and under the instructions of the court they could not properly be recovered even if testimony had been admitted, and upon the hearing of the motion for a new trial they were stricken out by the court. But the fact that the jury allowed these amounts in connection with the other amounts which were allowed, and the further fact that when the trial court required the plaintiff below to remit the two sums referred to, it must have been because the court believed that said sums had been allowed under the influence of prejudice · and passion, compel the belief that the whole sum must have been allowed under the same influence, and, such being the case, no part of the verdict should be allowed to stand. As supporting these views, attention is directed to *K. P. Rly. Co. v. Peavey*, 34 Kas. 472 ; *A. T. & S. F. Rld. Co. v. Cone*, 37 id. 567 ; *Steinbuchel v. Wright*, 43 id. 307.

Plaintiff in error further contends that the court erred in instructing the jury in regard to the meaning and scope of the word "services" when employed to indicate the ground on which the husband is allowed to maintain an action. From the views expressed in this opinion we deem it unnecessary to decide whether the term "services," when used in such connection, includes society or not, or to discuss any other errors alleged on the part of plaintiff in error.

For the errors above indicated, the judgment in this case is reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Judges concurring.