No. 9975.

COOPER *v.* WOODWARD.

Decided February 6, 1922.

Action on contract.   Judgment for plaintiff.

*Affirmed.*

1.   APPEAL AND ERROR—*Sufficient Evidence.*   A verdict supported by sufficient evidence will not be disturbed on review.

2.   CONTRACT—*Construed.*   A contract for the management of a theater providing for monthly settlements for the business of the four weeks last preceding such settlement, construed to mean final monthly settlements, and not tentative, to abide the result of a final settlement at the close of the entire period.

3.        *Construction—Ambiguity.*   Courts will not so construe a contract as to render it uncertain, and then admit evidence to explain, the ambiguity.

4.   APPEAL AND ERROR—*Instructions—Harmless Error.*   An instruction which submits to a jury the question of the construction of a contract, while erroneous, is harmless error if in favor of the complaining party.

5.        *Instructions—Requests for.*   If any points are omitted from the court's instructions, the error will not be considered on review in the absence of proper requests by the complaining party.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Messrs. GILLETTE & CLARK, for plaintiff in error.

Mr. J. W. KELLEY, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was defendant, and defendant in error was plaintiff, in the trial court, and they are hereinafter so designated.

Plaintiff brought suit for the recovery of $1000 and interest alleged to be her share of undivided net profits on a certain written contract for the management of the Denham Theater in the city of Denver. Under this contract O. D. Woodward was employed by defendant to manage the theater and was to receive,

"One-half of the net profits of said theater after the payment of all expenses of the conduct thereof excepting rent, with the right to draw weekly on account of his share of said profits the sum of $50.00. It is understood and agreed that the said Woodward shall render to said Cooper on each week a statement of all the receipts and expenses of said theater for the last preceding week and that settlements shall be had between said parties upon the thirteenth day of August, 1916, and upon each fourth Monday thereafter for the business of the four weeks last preceding such settlement. It is agreed that upon each said settlement the $50.00 per week drawn by said Woodward on account shall be charged against his one-half of the net profits, and that if upon any such settlement one-half the net profits shall not be as great as the amounts by said Woodward so drawn the difference shall be adjusted as soon as the net profits will permit, upon future settlements, it being the meaning and intent of the parties that said Woodward shall receive as full compensation one-half of said net profits with a guarantee of $50.00 per week. It is agreed that if said business is not successful said Cooper may cancel this contract at any time upon giving two weeks' notice thereof to said Woodward, and at the end of said two weeks said Cooper shall pay to said Woodward the difference between the total amount by said Woodward then received under this contract and the sum of $500, it being the agreement of the parties that said Woodward shall, in any event, and regardless of the length of time the said theater shall be operated, receive at least the sum of $500. *  *  * It is further agreed that all season tickets sold and outstanding prior to July 7, 1916, for performances thereafter

at the said Denham Theater, shall be honored at any performances thereafter given and that these said season tickets will not be taken into account in considering the receipts of the said business after the said July 16, 1916, but it is especially provided that this arrangement shall not extend to season tickets in any total sum above the sum of $1474."

This contract was assigned by O. D. Woodward to his wife, the plaintiff. The assignment is not in dispute.

The theater was operated accordingly for approximately eleven months and until the contract was terminated on June 9, by defendant giving the two weeks' notice provided for therein. In the management thereof O. D. Woodward represented plaintiff and transacted all business for her. At the close of the period he claimed a balance due plaintiff of $1000 and made out a check for the amount which defendant refused to sign. Due demand was thereupon made and upon refusal plaintiff brought this suit. The cause was tried to a jury which returned a verdict for plaintiff in the sum of $1016.56. To review the judgment entered thereon defendant sues out this writ.

The theater was operated at a profit for the first five months, at a loss of $524.46 the sixth, at a profit of $789.05 the seventh, and at a loss for the remainder of the time. For the first five months settlements were made and profits divided as called for by the contract. From the profits of the seventh month the losses of the sixth were deducted and the balance divided, by check to defendant and credit to plaintiff on her overdraft. For ten months $50.00 a month, or a total of $550.00, was credited to a so-called "reserve account" and not included in the estimates. This "reserve account" was a mere matter of book-keeping. No such account was actually maintained, but $50.00 a month was applied to the payment of expenses which Cooper had contracted to take care of. Plaintiff's suit is for one-half of this $550.00 "reserve account" plus one-half of the $524.46, December losses de-

ducted from January profits, plus her share of season tickets unaccounted for, and for interest. The correct amount for season tickets was a question of fact to be determined by the jury by deducting from the total season ticket sales those used prior to the beginning of the period of continued loss. There was evidence to support this part of the verdict and we see no reason to consider it further. The dispute regarding the items of $550.00 and $524.46 depends wholly upon whether under this contract monthly settlements were final, or merely tentative settlements to abide the result of a final settlement and accounting at the close of the entire period. Plaintiff claims the former, defendant the latter.

It is said on behalf of defendant that the January settlement, from which the December loss was deducted, and of which both parties were cognizant, shows their construction of the contract in favor of defendant and is binding upon the court. Standing alone this fact would be persuasive if not controlling. It is said on behalf of plaintiff that the first five months' settlements and the failure to deduct from these months, or any of them, the December loss at the time of the settlement for that month, all of which was known to both parties, shows their construction of the contract in favor of plaintiff and is binding upon the court. Standing alone this fact would be persuasive if not controlling. Both these considered together, however, show, if they show anything, that the parties construed this contract one way five times and another way the sixth. If the construction of the parties is to be depended upon the preponderance is in favor of the plaintiff. The December losses were deducted from the January profits, before division, by the book-keeper. He did this on his own motion and without knowledge of the provisions of the contract.

If defendant's interpretation be the correct one the losses for every month other than December, when there was a loss, should first be made good out of the profits of the first five months. Under this rule plaintiff has al-

ready received more than $3000 which she should return. Defendant makes no such claim.

The contract specifically provided for future "adjustments" when at the time of any settlement one-half the net profits would be insufficient to pay Woodward's weekly guarantees. No other future adjustments are provided for and all such are by implication excluded. The interpretation defendant now insists on is that of final settlements at the end of each month, save only in case of loss for a given month followed by profits for a succeeding month.

It is urged that the rule of interpretation in *Taylor v. Thomas,* 31 Colo. 15, 71 Pac. 381, supports defendant's contention. We do not so read the authority. The interpretation there given rested upon the phrases, "total receipts from the lease" and "total expenses of the lease", whereas this contract provides for monthly settlements "for the business of the four weeks last preceding such settlement." There are many other material differences. If these monthly settlements were final the language is unambiguous. If merely tentative it is misleading. Courts will not so construe a contract as to render it uncertain and then admit evidence to explain the ambiguity.

Twenty-four instructions were given the jury. Defendant objected to numbers 2, 3, 4, 13 and 20. No. 4 submits to the jury the question of construction. This was error but being favorable to defendant is without prejudice. It is unnecessary to examine numbers 2, 3, 13 and 20. They accord with our view of the case as above set out and correctly state the law. If any points were omitted counsel for defendant should have made the proper requests. The record discloses but three, which were denied. One of these instructs the jury that net profits should be computed for the entire term; another applies the same rule to the "reserve account"; another advises the jury that the contract is ambiguous. All three were erroneous and properly refused.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE TELLER, sitting as Chief Justice, dissents.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.