No. 10,248.

OLIVER v. WEAVER.

Decided February 5, 1923.

Action for personal injuries occasioned by an automobile. Judgment for plaintiff.

*Affirmed.*

1. AUTOMOBILES—*Negligence.* The sudden backing of an automobile without reasonable warning may be negligence.

2. NEGLIGENCE—*Contributory—Pedestrians.* A pedestrian is not negligent in crossing a street behind a standing automobile, and may recover for injuries caused by the sudden backing of the machine.

3. *Contributory—Pedestrians—Street Crossings.* A pedestrian who crosses a street in the middle of a block, is not on that

account alone, guilty of contributory negligence in case of an accident and injury to him while so crossing.

4. EVIDENCE—*Street Traffic Regulations.* Oral evidence of street traffic regulations, where limited to that subject, and not received for the purpose of proving an ordinance, held competent.

5. NEGLIGENCE—*City Ordinance.* While the violation of a city ordinance may constitute negligence, a compliance with an ordinance is not conclusive proof that there was no negligence, where some act results in an accidental injury.

6. STATUTES—*Foreign State.* One who brings an action in Colorado to recover for a tort committed in another state, need not plead nor prove any statute or ordinance, and where the foreign law is not pleaded nor proven, the court will apply the law of the forum.

7. EVIDENCE—*Earnings—Book Account.* Positive oral testimony of a witness as to his monthly earnings, is the best evidence, and a book acocunt of the same matter would be secondary evidence.

8. AUTOMOBILES—*Instructions—Pedestrians.* An instruction to the effect that a pedestrian has the right to cross a street at a point other than the cross-walk, and in so doing must exercise the care of an ordinarily prudent man, approved.

9. INSTRUCTIONS—*Surgical and Hospital Bills.* The contention that there was no evidence to support an instruction permitting the recovery of surgical, hospital and nursing expenses, overruled.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Mr. S. N. WHEELER, Messrs. VINCENT & VINCENT, for plaintiff in error.

Mr. W. E. LADY, Mr. S. W. HECKMAN, Mr. R. H. WALKER, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for personal injuries resulting from an accident due to the alleged negligence of defendant in operating an automobile. There was a verdict and judgment for plaintiff. The defendant brings the case here for review.

The accident occurred in the city of Los Angeles, state of California. The plaintiff testified that he started to cross South Broadway, a street running north and south, by walking upon the usual space used by pedestrians when crossing that street at or near the intersection of South Broadway and West Seventh Street; that he was crossing South Broadway, walking westwardly, at the time the street traffic on West Seventh Street was moving, going either east or west; that defendant's automobile was standing directly in his path, and he, plaintiff, attempted to finish crossing South Broadway by going to the rear of defendant's car and passing it there; and, that when he was back of the machine, the car was suddenly backed and, as he testified, "caught" him "against the bumper of the car behind" defendant's automobile. The defendant testified that his car was struck and pushed back by a backing automobile in front of his machine. This testimony is contradicted by the evidence of a witness for plaintiff who testified that there was no machine in front of defendant's car, headed south, or on the line of traffic where defendant was situated. This witness, an assistant traffic officer, also testified that he had defendant back his car, but that this was done before the accident.

There was apparently no reason why the defendant, after having backed his car in obedience to the officer's instructions, would again move it backwards intentionally. However, the testimony of the officer suggests that defendant after moving the car back the first time, threw out the clutch, left the car in reverse gear, and then when intending to go forward and letting in the clutch, the car moved backward because in reverse gear. At any rate, there was sufficient evidence to submit to the jury the question of defendant's negligence. The sudden backing of an automobile, or a backing without reasonable warning, may be negligence. Section 225 Berry on Automobiles (3rd Ed.).

The principal contention, however, of plaintiff in error, so far as the evidence is concerned, is that plaintiff was

guilty of contributory negligence. We are unable to agree with this contention.

Defendant's machine was in a line of traffic headed south, but halted while a traffic officer was permitting east and west traffic to proceed at the street intersection. At this time plaintiff was in a line of pedestrian traffic going east and west, and it was the proper time for him to attempt to cross the street. When he reached defendant's machine, he might have walked in front of it, but it was not contributory negligence, as a matter of law, to fail to do this and, instead, to attempt to pass behind the automobile. Other pedestrians were then doing the same thing. If plaintiff erred in judgment, as to best way to avoid danger, he was not, as a matter of law guilty of contributory negligence. *Williams v. Kansas City* (Mo.), 177 S. W. 783. He was not bound to anticipate that the automobile would be backed up. The plaintiff found defendant's car standing upon a part of the usual crossing space, and it was apparently as safe to pass behind the car as in front of it. In section 377 Berry on Automobiles (3rd Ed.), the author says:

"A pedestrian is not negligent in crossing a street behind a standing automobile, and can recover for injuries caused by the sudden backing of the machine, without warning, against him."

That text is supported by *Enstrom v. Neumoegen,* 126 N. Y. Supp. 660. A pedestrian may cross a street in the middle of a block. By so doing, he is not, on that account alone, guilty of contributory negligence in case of an accident and injury to him while so crossing. See cases cited in section 300, Berry on Automobiles.

There was no error in any of the court's rulings in reference to contributory negligence, including its refusal to direct a verdict for defendant.

It is contended that the court erred in permitting a witness, in a deposition, to testify what "the traffic ordinances of the City of Los Angeles were." The record does not show that the witness so testified. He was asked what "the

traffic regulations were  *  *  * governing traffic" at the
street intersection where the accident occurred, "particu-
larly with reference to street cars." The answer was to the
effect that south bound street cars, approaching the inter-
section when the east and west bound traffic was permitted
to move, were allowed to make a right hand turn, and pro-
ceed with west bound traffic. A similar regulation gov-
erned street cars going in the opposite direction. When
this evidence was given, the trial judge made the following
remarks:

"I think, upon reflection, that I will allow this to stand,
with the suggestion to the jury that it is not intended to
be offered upon the proposition as to what the ordinances
were, but as to what the practice and rules and regulations
of that officer were."

All that the evidence amounted to was, in effect, that the
traffic officer permitted street cars to make a right hand
turn when south and west bound; coming down South
Broadway. It explains why he ordered defendant to back
his machine, which was for the purpose of getting away
from the street car track where it makes a curve, so that
the street cars could pass by the automobile. There was no
necessity for proving any ordinance, for no ordinance is re-
lied on, and need not be, no ordinance is claimed to have
been violated, and all regulations are conceded by plaintiff
to have been obeyed by defendant. The testimony in ques-
tion, even if regarded as evidence of an ordinance, was
not prejudicial to defendant. As before noted, the evi-
dence was not received as evidence of an ordinance, and
the trial judge, having limited its scope, committed no er-
ror in admitting the same. 4 C. J. 994, section 2975.

In his reply brief the defendant asserts that if he violated
no ordinance or regulation he cannot be guilty of any ac-
tionable negligence. While the violation of an ordinance
may constitute negligence, compliance with an ordinance is
not conclusive proof that there was no negligence.

It is contended that the court erred in refusing to direct
a verdict for defendant because plaintiff neither alleged nor

proved the statute or law of the place where the tort was committed.

In *A. T. & S. F. R. Co. v. Dickey*, 1 Kan. App. 770, 41 Pac. 1070, the petition showed that the injuries were received in the state of Colorado, and did not show that the action could have been maintained in the state of Colorado. It was there contended that "it must appear in the petition that the injury was actionable in Colorado, where it occurred, before the action could be maintained for such injury in the state of Kansas." The court held the contention to be "without merit," and said:

"The plaintiff in this action was pursuing, not a statutory remedy, but a common-law right of action, transitory in its nature, and which could be maintained in this state."

The plaintiff in the instant case is not relying on any statute, nor any ordinance, and need not plead nor prove any. Where the foreign law is not pleaded nor proven, the court will apply the law of the forum. It may do so because of the inherent justice of the particular right asserted, and act upon the assumption that the right is recognized by the law of the foreign state in question. Some courts apply the lex fori on the presumption that the foreign law is the same. Some apply the common law on the presumption that the same prevails in the foreign state. These matters are discussed in a note in 67 L. R. A. 33, and also in 34 L. R. A. (N. S.) 261 et seq.

There was no error in refusing to direct a verdict, nor in not holding that the complaint failed to state a cause of action.

Error is assigned to the admission of certain testimony concerning plaintiff's earnings. The plaintiff was asked the following question:

"Are you able to state an amount below which your earnings did not run any one month?"

After some objections by counsel, the trial judge remarked:

"Now, this question calls not for an opinion, but for something based on absolute knowledge. If you know that

during any of the months in question it did not—it was not less than the sum which you may designate, you may so state, if you know absolutely."

The witness then answered:

"I will state that in no month for a period of six months previous to the accident did my earnings amount to less than $400.00."

This was not objectionable as opinion evidence. The witness testified to a fact of which he had positive knowledge.

It is also claimed that this evidence was not admissible because, as it is argued, it was not the best evidence, since the witness kept books of account showing his earnings. The answer to this is that the witness did not testify as to the full amount of his earnings, nor did he testify that his books would show any certain amount. He was testifying from his personal knowledge of the fact that at no time did the earnings amount to less than $400.00 per month. His oral evidence was the best evidence, and the books would have been secondary evidence. See 2 Enc. of Ev., 687; *Cowdery v. McChesney,* 124 Cal. 363, 57 Pac. 221.

There was no error in the admission of the testimony above considered.

There was no error in the giving or in the refusal to give instructions. The court sufficiently instructed the jury on the duty of a pedestrian who crosses a street at a place other than the established crossing. It was not error to refuse an instruction embodying the theory that to cross elsewhere than at the crosswalk was to leave a place of safety and go into one of known danger. A pedestrian has the right to cross the street at a point other than the crosswalk and in doing so must exercise the required degree of care, that is the care of an ordinary prudent man. Sec. 148a Huddy on Automobiles (4th Ed.). The instructions given fairly conform to this rule.

The court gave an instruction permitting plaintiff to recover the amount of physicians' and surgeons' bills reason-

ably and necessarily incurred not exceeding $1,500.00, and hospital and nurses' bills reasonably and necessarily incurred not exceeding $625.00. It is claimed this instruction was erroneous for the lack of evidence on these matters. In the brief it is asserted that it is not claimed that the bills were paid by plaintiff. The record, however, shows that plaintiff testified that they have been paid. There is evidence in the depositions that the bills were reasonable, but aside from this, the amount paid for the services is some evidence as to their reasonable value, and enough to warrant the instruction. *Townsend v. Keith,* 34 Cal. App. 564, 168 Pac. 402.

There is no error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.