No. 10,585.

LARSON *v.* LONG.

Decided October 1, 1923.   Rehearing denied November 5, 1923.

Action for damages occasioned by an automobile accident.   Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1.   EVIDENCE—*Automobiles—Speed.*   Any person of reasonable intelligence and ordinary experience may express an opinion as to how fast an automobile was going at a particular time.   The weight to be given such testimony is for the jury.

2.   *Automobiles—Damage—Depreciation.*   Evidence of the depreciation in value of an automobile on account of its having been in an accident, is admissible, the depreciation being an element of damage.

3.   *Automobiles—Value—Purchase Price.*   The price paid for an article is some evidence of its value, to be weighed in connection with other evidence.

4.   *Automobiles—Value.*   Offered evidence of the value of an automobile in September, 1921, in connection with an accident occurring in July, 1920, held properly excluded.

5.   INSTRUCTIONS—*Requests.*   If any points are omitted by the court in its instructions, such omission will not constitute error in the absence of a proper request by the complaining party.

6.   *Verdict.*   An instruction of the court, that if the jury found for defendant, the amount of damage he sustained could not exceed the amount prayed for in his cross-complaint, held not objectionable, the verdict being less than the greatest amount shown by the testimony.

7. TRIAL—*Presumption.* Every presumption is in favor of the regularity in the proceedings of the trial court, and the contrary not appearing, it will be presumed that counsel was present at the giving of instructions.

8. APPEAL AND ERROR—*Instructions.* Error cannot be predicated on the giving of an oral instruction, to which no objection was made on the trial.

9. INSTRUCTIONS—*Requests.* Requests for instructions which do not correctly state the law, or which are sufficiently covered by the instructions given, are properly refused.

10. NEGLIGENCE—*Imminent Danger.* One confronted with imminent danger which requires instant decision, cannot be held guilty of negligence because of an error in the exercise of his judgment.

11. APPEAL AND ERROR—*Sufficient Evidence.* The evidence being conflicting, if there is sufficient to sustain the verdict, it will not be disturbed on review.

*Error to the District Court of Routt County, Hon. Gilbert A. Walker, Judge.*

Mr. JOSEPH K. BOZARD, Messrs. MORRISON, & DESOTO, for plaintiff in error.

Messrs. GOODING & MONSON, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT brought by plaintiff, against defendant, to recover damages alleged to have been sustained to plaintiff's automobile by reason of a collision between plaintiff's car and the defendant's car, which plaintiff says was caused by the negligence of the defendant. The negligence alleged was, that defendant drove his car rapidly, recklessly and negligently. Defendant denied the alleged negligence and claimed that plaintiff's car, driven by plaintiff's daughter, ran into defendant's car, and, by way of cross-complaint, defendant alleged that the driver of plaintiff's car, drove the same around a curve at an excessive rate of speed, on the left-hand and wrong side of the road; that she negli-

gently failed to make any attempt to turn to the right to avoid a collision with defendant's car, and that she negligently and carelessly kept so close to the bank, on the left hand side of the road, that it was impossible for defendant's car to pass between plaintiff's car and the bank.   Defendant claimed damages, sustained to his car,-in the sum of $1065.   The plaintiff denied the acts of negligence alleged against him.   The jury returned a verdict in favor of defendant, in the sum of $540, and judgment was rendered accordingly.   The plaintiff brings the case here for review, and asks for a supersedeas.

The principal errors assigned and stressed in plaintiff's brief are the following:   (1)   That the court erred in the admission and rejection of testimony.   (2)   That the court erred in its instructions given to the jury.   (3)   That the court erred in refusing to give the instructions requested by plaintiff.   (4)   That the evidence does not support defendant's cross-complaint and is variant therefrom.   (5) That the court erred in refusing to hear plaintiff's motion for new trial and in entering judgment for defendant.   (6) That the verdict is contrary to, and not supported by, the evidence.

We have carefully examined the record, and do not find any error in the admission or rejection of evidence.   Over the objection of plaintiff the court admitted the testimony of nonexpert witnesses as to the speed of plaintiff's automobile at the time of, and immediately before, the collision occurred.   This evidence was properly admitted.   "Any person of reasonable intelligence and ordinary experience in life may, without proof of further qualification, express an opinion as to how fast an automobile or other moving object which has come under his observation was going at a particular time."   Berry on Automobiles, (3d Ed.) § 989. The weight to be given to such testimony is a question for the jury.

The plaintiff also objected to the admission of evidence of the depreciation in value of defendant's car on account of its having been in the accident.   The evidence was prop-

erly admitted. Such depreciation is an element of damage. Berry on Automobiles, (3d Ed.) § 982.

The plaintiff contends that the court erred in admitting evidence of the price paid for defendant's car as evidence of its value. There was no error in this respect. The price paid is a circumstance to be weighed in connection with other evidence. *Oliver v. Weaver,* 72 Colo. 540, 212 Pac. 978; 22 C. J. 184, § 140.

The court rejected the testimony, offered by the witness Law, as to the value of defendant's car in September 1921, the accident having occurred July 7, 1920. We think the court did not err in rejecting this evidence.

The plaintiff objected to the giving by the court of instruction No. 13, wherein the court said: "* * * In case of a collision between vehicles, a presumption of negligence arises against the driver who was on the wrong side of the road at the time of the collision."

While it is true that such presumption is *prima facie* only, the court did not say to the jury that it was a conclusive presumption, and the plaintiff should have asked for a modification. As said by this court, in *Cooper v. Woodward,* 71 Colo. 90, 204 Pac. 336: "If any points were omitted counsel for defendant should have made the proper requests."

Plaintiff objected to the giving of instruction No. 6, for the reason that the court instructed the jury that, if the jury found in favor of the defendant, the aggregate amount of damage he sustained could not exceed the sum of $1065 prayed in the cross-complaint. There was no error in this regard. The verdict was less than the greatest amount shown by the testimony.

Complaint is made that the court erred in giving an oral instruction to the jury. This instruction was not excepted to. The plaintiff says that it does not appear that counsel for either party was in the court room when the oral instruction was given. Every presumption is in favor of the regularity in the proceedings of the trial court, and it must be presumed, the contrary not appearing from the record,

that plaintiff's attorney was present when the oral instruction was given. Having failed to object to the giving of the instruction he cannot now predicate error thereon.

The instructions given by the court seem to have fully covered the law applicable to the facts, and were well within the theory upon which the case was tried. We find no error in the instructions given.

Plaintiff contends that the court erred in refusing to give his requests numbers 18, 19, 20, 22, and 24. . Of these, all but one were sufficiently covered by the instructions which the court gave. Plaintiff's request number 20 did not correctly state the law and the request was properly refused.

There is sufficient evidence to sustain defendant's cross-complaint, and there is no substantial variance. The plaintiff contends that the trial court erred in refusing to hear plaintiff's motion for a new trial. This question has already been determined by this court, in this case, on defendant's motion to dismiss the writ of error herein, and decided adversely to the contention of plaintiff. *Larson v. Long*, 73 Colo. 241, 214 Pac. 539.

Lastly, the plaintiff insists that the verdict is contrary to, and not supported by, the evidence. Much emphasis is placed by plaintiff on the testimony of defendant, referring to the manner in which he was driving his car immediately before the accident, in which he says: "* * * I was pretty well over to the right hand side of the road, and as soon as I noticed it, (the car) I pulled over to the other side of the road and put on the brakes. That is all I know. * * *"

The defendant may have spoken inadvertently, or he may have done exactly as he said, and still not be chargeable with negligence. One confronted with imminent danger which requires instant decision, cannot be held guilty of negligence because of an error in the exercise of his judgment. *Lebsack v. Moore*, 65 Colo. 315, 177 Pac. 137. It is true the evidence was conflicting but there was sufficient to sustain the verdict. There was not only the testimony given by the witnesses, but maps, drawings, and toy auto-

mobiles were used to illustrate the situation of the two cars at the time of the collision.

The verdict is conclusive upon us and we cannot disturb it. The other errors assigned do not appear to merit consideration.

Finding no reversible error in the record, the supersedeas is denied, and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.