FRED B. WHITCOMB AND ANOTHER v. AUTOMOBILE
INSURANCE COMPANY OF HARTFORD.[1]

May 28, 1926.

No. 25,211.

**Evidence admissible as to value of automobile insured against fire and theft.**

In an action to recover upon a theft and fire policy covering a used automobile, stolen from plaintiffs' garage and practically destroyed by fire, *held*:

(1) A booklet, National Used Car Market Report, admissible on issue as to value of used car.

(2) Amount paid for used car in Chicago by plaintiffs' vendor, 13 months prior to loss, not admissible in evidence on issue of value of car at time of loss.

(3) No reversible error in rulings on admissibility of evidence nor in instructions as to the car being a 1916 instead of a 1917 model, nor as to the testimony of plaintiffs' grantor on the value of car.

(4) No error in rejecting testimony for purpose of impeachment upon immaterial matter.

(5) Verdict held not excessive.

Appeal and Error, 4 C. J. p. 843 n. 65.

Evidence, 22 C. J. p. 184 n. 42, 43; p. 185 n. 44, 45; p. 211 n. 92.

Insurance, 32 C. J. p. 1323 n. 44; p. 1325 n. 50: 33 C. J. p. 116 n. 62; p. 133 n. 58.

Motor Vehicles, 28 Cyc. p. 50 n. 59 New.

New Trial, 29 Cyc. p. 843 n. 99.

Witnesses, 40 Cyc. p. 2780 n. 90.

See notes in 44 L. R. A. (N. S.) 75; 51 L. R. A. (N. S.) 584; and L. R. A. 1915E, 579, L. R. A. 1917F, 543. 14 R. C. L. p. 1274; 3 R. C. L. Supp. p. 376.

Action in the district court for Hennepin county to recover upon an automobile theft and fire insurance policy. The case was tried before Baldwin, J., and a jury which returned a verdict in favor of

[1]Reported in 209 N. W. 27.

plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Cobb, Wheelwright, Hoke & Benson, R. A. Scallen* and *J. G. Stirn*, for appellant.

*Gilger & Babcock* and *Shearer, Byard & Trogner*, for respondents.

QUINN, J.

This is an appeal from an order denying defendant's motion in the alternative for judgment or for a new trial, which presents the following state of facts:

Plaintiffs are father and son, engaged as copartners in buying, selling, repairing and storing used automobiles. Defendant is a foreign corporation duly authorized to transact a general theft and fire insurance business within the state of Minnesota. The Lewis Insurance Agency is the local representative of such insurance company.

William Hooks was engaged in the taxicab business in Minneapolis. In January, 1921, he purchased a seven-passenger touring Locomobile in the city of Chicago, brought it to Minneapolis and placed it in plaintiffs' garage. Within a few days thereafter, he had a winter top put on the car at a cost of $200. On January 30, 1921, Hooks disappeared and his body was thereafter found a few miles out from Minneapolis. He was survived by his wife, Stella, and there were no children.

Mrs. Hooks appeared as a witness and gave testimony at the trial on behalf of the plaintiffs. Her testimony was to the effect that, after her husband disappeared, she borrowed $250 from plaintiffs to aid in searching for her husband; that she borrowed other amounts, and finally sold the Locomobile to them for $3,000, to be paid as she might want the money; that thereafter plaintiffs paid her in full therefor, less what her husband was owing them at the time of his disappearance. The plaintiff Fred B. Whitcomb corroborated Mrs. Hooks' testimony in detail. He further testified that the car was in first class condition in every respect and of the value of $3,500.

In December, 1920, plaintiffs took out an insurance policy with the defendant company, through the Lewis Agency. The policy was what is known as a blanket form, covering all automobiles which plaintiffs might own from time to time and have in their possession. The change from one automobile to another was accomplished by means of a rider, reciting the date, make of car, year model, type of body, factory number, cost and amount of insurance desired. After the purchase of such car, plaintiffs filled out one of such riders and mailed it to the defendant company, asking for a covering of $2,500 against theft and loss by fire. The rider was attached to the policy, thereby insuring the car in the amount stated. The car was listed as being a 1917 model while as a matter of fact it was a 1916 model. At the time of the preparation of such rider on February 20, 1921, Mr. Lewis of the Lewis Agency was present at plaintiffs' garage, looked the car over and talked about the model. Plaintiffs used the car during the following summer and fall, then had it overhauled, the cylinders bored, new pistons, wire wheels, tires and inner tubes, at a cost in excess of $600. On January 7, 1922, the car was stolen from the garage. It was found a day or two later near Madelia, abandoned and practically destroyed by fire. The situation was reported to the Lewis Agency. Mr. Whitcomb and the company's adjuster went to Madelia, identified the car, proof of loss was made and a demand for payment of the loss, but no part thereof has been paid. This action followed.

Plaintiffs alleged in their pleadings ownership of the car; that it was of the value of $3,000; that it was a 1917 model; that defendant insured it to the amount of $2,500; that it was stolen and totally destroyed by fire while the insurance was in effect; that due proof of loss was made and that defendant failed to pay the same. In its answer the defendant admits the issuance of the policy; that it covered the car in question at the time of the loss; that, at the time of applying for the insurance, plaintiffs falsely and fraudulently represented that the car was a 1917 model; that appellant believed such representations to be true and relied thereon in issuing the insurance; that such representations were false; that the car was a 1916

model, was not worth to exceed $1,000, and that such representa-
tions were made by plaintiffs for the purpose of deceiving defendant
and materially affecting the acceptance of the risk and the hazard
assumed.

The value of the car at the time of the loss was an issue at the
trial. The plaintiff Fred B. Whitcomb testified that it was worth
$3,000 and that he could have sold it for that amount. Upon cross-
examination, counsel for defendant offered in evidence a booklet
entitled "National Used Car Market Report," which was objected
to as incompetent, irrelevant, immaterial and no foundation laid.
The objection was sustained. The booklet was in common use by
used automobile dealers in Chicago, Minneapolis and other large
centers throughout the country. It covered the period from Decem-
ber, 1921, to May, 1922, for the purpose of showing the value of used
cars during that period. The publication is the result of the efforts
of organized automobile dealers throughout the entire country.
It is used by such dealers as a guide to the purchase of used cars.
It expresses an experience and a resulting opinion which have a
direct bearing upon the value of used cars. It is a factor in deter-
mining what any used car brings on any market. Its admission in
evidence may well be held to have been within the discretion of the
trial court. There was so much other evidence as to the value of
the car that the exclusion of the booklet should not be considered
a sufficient cause for reversal. A majority of the court is of the
opinion that the booklet was admissible. Mr. Justice Holt and the
writer are of the opposite view.

Defendant offered to prove what Hooks paid for the car in Chi-
cago. The evidence upon objection was excluded. The price at
which a regular dealer sells an article when new, in the ordinary
course of trade, established its market value. Its value when used
can be ascertained with a considerable degree of certainty by taking
such original cost and making due allowance for depreciation on
account of age, use, conditions and other proper elements. For this
reason the original cost of an article is properly admissible as a
basis for ascertaining its present value. Luse v. Jones, 39 N. J. L.

707; Galveston, H. & S. A. Ry. Co. v. Wallraven (Tex. Civ. App.) 160 S. W. 116; Jones v. Morgan, 90 N. Y. 4, 43 Am. Rep. 131; Larson v. Long, 74 Colo. 152, 219 Pac. 1066; Tatro v. Baker-Fisk-Hugill Co. 215 Mich. 623, 184 N. W. 449. Therefore evidence as to the original cost of the car in question was admissible but under the evidence in this case the amount which Hooks paid for it in Chicago was not admissible. The sale was in a different market and took place something like 13 months prior to the loss. The sale was so remote in point of time and place that it was clearly inadmissible.

Appellant's contention was and is that the value of the car in Chicago, at the time of its purchase there, was $650. Their expert witness placed the value at the time of the loss in Minneapolis at $1,500. After inspecting the car personally, appellant's agent issued a rider, which was attached to the policy, for $2,500. Subsequent to the sale in Chicago the car underwent repair at a cost equal or greater than the price paid for it and it was then used continually for a year. The price paid in Chicago could have no bearing upon its value 13 months later under the circumstances. We think the evidence was properly excluded.

We find no merit in appellant's objection and exceptions to the testimony given by the witness, Mrs. Edwards (formerly Mrs. Hooks), nor do we discover any prejudice against the rights of appellant in the argument to the jury by counsel for respondent. These assignments require no extended mention here.

It is urged that the court erred in its rulings upon the admission of testimony as to the allegations of fraud and because of respondents listing the car as a 1917 model when, as a matter of fact, it was a 1916 model. G. S. 1923, § 3370, provides:

"No oral or written misrepresentation made by the assured, or in his behalf, in the negotiation of insurance, shall be deemed material, or defeat or avoid the policy * * * unless made with intent to deceive and defraud, or unless the matter misrepresented increases the risk of loss."

It is conceded by the pleadings and was admitted on the trial that the car in question was a 1916 model and that it was listed in the

rider attached to the policy as a 1917 model. At the time the insurance was being arranged for, Mr. Lewis went to the garage where the car was kept, looked it over, had a conversation with Mr. Whitcomb in relation thereto in the presence of several witnesses, and there is testimony that the model was talked over; that Lewis looked to ascertain what year's make it was but was unable to determine; that Mr. Whitcomb stated that he did not know the year, and that Mr. Lewis replied that they would cover it as a 1917 model. This testimony was all material as bearing upon the question of fraud, which issue was determined in favor of the plaintiff by the jury and we think the finding is justified by the evidence.

Section 3370 as above shown states that no oral or written misrepresentation shall be deemed material or defeat the policy unless the matter misrepresented increases the risk of loss. The question was for the jury to determine whether the fact that the car was a 1916 instead of a 1917 model increased the risk, that is, the degree of hazard or liability to loss by theft or fire. In other words did the 1917 model impose a greater hazard or liability to loss by theft or fire than would a 1916 model? We quite agree with the finding of the jury that it would not. Of course the difference might have a direct bearing upon the value of the car and the amount of loss. The question of fraud was properly submitted to the jury by the trial court and its findings thereon under the evidence are final. Ames v. N. Y. Life Ins. Co. 154 Minn. 111, 191 N. W. 274. Whether the wrong model of the car increased the risk of loss or the degree of hazard was, under the circumstances, settled by the jury. Doten v. Aetna Ins. Co. 77 Minn. 474, 80 N. W. 630; Mattson v. Modern Samaritans, 91 Minn. 434, 98 N. W. 330; Kelly v. Citizens M. F. Assn. 96 Minn. 477, 105 N. W. 675; O'Connor v. Modern Woodmen, 110 Minn. 18, 124 N. W. 454, 25 L. R. A. (N. S.) 1244. In other words whether misrepresentations were made by plaintiffs or by either of them with intent to deceive the company or increase the risk of loss or hazard, were questions under the showing for the jury, Price v. Standard L. & Acc. Assn. 90 Minn. 264, 95 N. W. 1118; Gruber v. German R. C. Aid Soc. 113 Minn. 340, 129 N. W.

581, with the burden of proof upon the company. Johnson v. Nat. Life Ins. Co. 123 Minn. 453, 144 N. W. 218, Ann. Cas. 1915A, 458.

Defendant offered evidence for the purpose of showing that plaintiff stated in the proof of loss that he had never had a previous loss by theft. As a part of its defense it offered to show the falsity of that statement in the way of impeachment. Whether plaintiffs had suffered a loss by theft was immaterial as to the issues and defendant should not have been allowed to impeach upon an immaterial matter.

It is also urged that the verdict was excessive to such an extent as to indicate prejudice and passion. We do not think this position well taken. The total amount of insurance was $2,500, interest thereon from the date of loss to the date of trial, May 1, 1925, was $473, or a total of $2,973 which the plaintiff was entitled to recover, less the value of the salvage. The verdict was for $2,790, showing an allowance of $183 salvage. The plaintiff testified that the car was not worth to exceed $100 after the fire. The trial court was right in refusing a new trial upon this ground.

We have given the record in this case considerable attention and find therein no reversible error.

Affirmed.