## SOUTHLAND GREYHOUND LINES, Inc., v. RICHARDS.
### No. 3092.

Court of Civil Appeals of Texas. El Paso.
Nov. 28, 1934.

Rehearing Denied Dec. 13, 1934.

Turney, Burges, Culwell & Pollard and J. F. Hulse, all of El Paso, for appellant.

Geo. A. Shipley, of Alamogordo, N. M., and Edward C. Wade, Jr., of El Paso, for appellee.

PELPHREY, Chief Justice.

About 4 o'clock on the morning of May 13, 1933, appellee and his son were riding in a truck along highway No. 80, coming toward El Paso, Tex. A bus belonging to appellant was going in the same direction behind the truck. At a point before reaching the town of Fabens, Tex., the bus ran into the rear of the truck, and both the truck and bus went off the highway. The truck came to a stop

with its front end in a sand dune with the bus immediately behind it. The truck was in high gear and its headlights burning dimly when a county highway patrolman arrived on the scene within an hour after the collision.

Appellee thereafter filed this suit to recover for injuries to himself and to the truck, and alleging negligence on appellant's part in running the bus at a dangerous and reckless rate of speed; failure to keep a lookout; failure to keep the bus under control; and failure to either stop the bus. or to guide the bus around the truck after the driver of the bus should, by the exercise of reasonable care, have seen the collision was imminent.

Appellant answered by general exception, general denial, and a plea of contributory negligence on the part of appellee in not having a tail-light burning.

The jury found that appellant's driver was negligent in failing to keep a proper lookout; in operating the bus at a dangerous rate of speed; in failing to swerve to the left and thereby avoid the collision after discovering the dangerous position of appellee's truck; in failing to have the bus under control; that the truck was not being operated without a tail-light; that it did not have a lighted red tail-light on it; that the absence of such red tail-light was not a proximate cause of the collision; that the tail-light on the truck was not plainly visible to one approaching from the rear, but that this did not proximately contribute to bring about the collision.

From a judgment against it in the sum of $5,800, appellant has appealed.

### Opinion.

Appellant's first contention is that the evidence here does not raise the issue of discovered peril.

■ In support of this contention the argument is advanced that three things must exist before the issue of discovered peril is raised, namely: (1) That the exposed position of the plaintiff was brought about by his own negligence; (2) that defendant actually discovered the perilous position of plaintiff in time to have avoided injuring him by the use of the means at hand, commensurate with his own safety; and (3) that defendant ·failed to use such means.

That defendant's liability cannot arise on the ground that he has failed to use ordinary care to avoid injuring plaintiff after he has discovered him to be in a perilous position, unless plaintiff's position has been brought

about by his negligence, is a doctrine to which we cannot subscribe. 45 C. J. § 18, p. 645, and authorities cited.

The principles of humanity and public policy will no more permit a defendant to injure a plaintiff who finds himself in a perilous position through no fault of his own than they will where plaintiff has been guilty of negligence.

It is quite true that a defendant is called upon to use the means at hand to avoid injuring a person only after he has discovered the perilous position of the other and then only to an extent commensurate with his own safety. However, a jury will not be bound by the statement of defendant as to when he discovered the danger of plaintiff and as to the efforts made to avoid the injury.

■ The record here shows that the collision occurred on a straight stretch of road; that the bus was equipped with · standard headlights, and that the night was bright.

Appellant's driver testified that he was keeping a careful lookout for other vehicles on the highway, and that he continuously did so except for an instant when he glanced in the rear-view mirror. From the above facts, and from the driver's own testimony, the jury would be warranted in believing that he was mistaken when he said he did not discover the truck until he was within forty feet of it, or that he was not telling the truth on that point. It became, therefore, a jury question as to when the perilous position of appellee's truck was discovered. The fact that no skid marks appeared on the pavement, that the two vehicles traveled approximately 100 feet before they stopped, and that the truck was damaged more on the right side than on the left, would justify the jury in finding that the driver did not, as he testified, apply his brakes and pull the bus as far to the left as he could; in other words, that he did not use the means at hand to avoid striking the truck.

The assignments raising the question of the sufficiency of the evidence to raise the issue of discovered peril will be overruled.

■ Questions Nos. 7 and 8, submitted to the jury, read:

No. 7. "Do you find from a preponderance of the evidence that after perceiving the position of plaintiff's truck, defendant's employee could have swerved to the left and avoided the collision?"

No. 8. "Do you find from a preponderance of the evidence that it was negligence on the part of the defendant's employee to fail to

swerve to the left and thus avoid the collision, if said collision could have been avoided?"

The submission of these issues was objected to on the ground that there was no evidence raising them, no evidence which would sustain an affirmative finding to them, and that they advised the jury of the effect of answers thereto. That the evidence is sufficient to raise the issues and support affirmative answers thereto clearly appears from what we have heretofore said. We fail to see in what manner they advised the jury of the effect of the answers.

■ The argument now advanced by appellant that in the submission of the issues the court was singling out a particular alleged fact as against a group making up an issue and calling the particular attention of the jury thereto cannot be entertained.

■ No objection to the submission on such grounds was made to the trial court.

Question No. 4, as to the rate of speed at which the bus was being operated, was raised by the fact that the two vehicles traveled approximately 100 feet after the collision and the force of the impact as evidenced by the damage done to both vehicles.

The assignments questioning the correctness of the submission of this issue and the sufficiency of the evidence to support the jury's finding thereon are overruled.

■ Appellant's contention that there are no facts showing that appellant's driver failed to have the bus under control must be overruled.

■ There is no merit in the claim of appellant that the witness Stanley should not have been permitted to testify as to the value of appellee's truck because it appeared that he was using as a basis for his opinion figures shown in what is known as the "Blue Book." As said by the Minnesota court in Whitcomb v. Automobile Ins. Co., 167 Minn. 362, 209 N. W. 27, 28, in discussing the Blue Book: "The publication is the result of the efforts of organized automobile dealers throughout the entire country. It is used by such dealers as a guide to the purchase of used cars. It expresses an experience and a resulting opinion which have a direct bearing upon the value of used cars. It is a factor in determining what any used car brings on any market."

We fail to see how the use of such a publication by a witness in making up his opinion as to the value of a motor vehicle can be said to be erroneous. Here, however, the publication was not introduced in evidence, and the witness further testified that his estimate was *"over and above the Blue Book."* (Italics ours.)

The cases cited by appellant are where the "Blue Book" itself was introduced in evidence and are not in point here.

The assignments must be overruled.

■ We cannot agree with appellant that question No. 2 was on the weight of the evidence and found no support in the evidence.

No objection was made to the submission of this issue in the trial court and, therefore, cannot be made here. 3 Tex. Jur. § 348, p. 498.

Finding no reversible error, the judgment of the trial court is affirmed.