Bell, J.,
concurring. I agree with the other members of the court that there was no abuse of discretion on the part of the trial court in sustaining the motion for a new trial in the minor’s case (No. 34833).
And I concur in the judgment in case No. 34834 for the reason that there is no showing in the record that the medical expenses allegedly incurred were necessary.
Had there been such a showing of necessity, I would be inclined to hold that the trial court was in error in excluding from the consideration of the jury exhibits 8 to 11, which are bills for medical and hospital services for the minor allegedly submitted to his father.
I recognize the divergence of authority on the question of proof of reasonableness, as pointed out in the majority opinion, and concede that there is much respectable authority for requiring that there be explicit proof of reasonableness.
There is also a line of cases which adopt a much more liberal view and allow the jurors to find a reasonable sum from their common knowledge, where the services are de- *377 cribed but no evidence is given as to the amount paid or harged or as to the value. St. Louis Iron Mountain & Southern Ry. Co. v. Stell, 87 Ark., 308, 112 S. W., 876; Scullane v. Kellogg, 169 Mass., 544, 48 N. E., 622; Moran v. Dover, Somersworth & Rochester Street Ry. Co., 74 N. H., 500, 69 A., 884, 19 L. R. A. (N. S.), 920, 124 Am. St. Rep., 994; Farley v. Charleston Basket & Veneer Co., 51 S. C., 222, 28 S. E., 193.
Between these two extremes lies that rule set out in Gerbing v. McDonald, 201 Wis., 214, 229 N. W., 860, and Birmingham Amusement Co. v. Norris, 216 Ala., 138, 112 So., 633, 53 A. L. R., 340, cited in the majority opinion, which is that proof of the amount paid or the amount of the bill rendered and of the nature of the services constitutes prima facie evidence of the reasonableness of the charge. See, also, Dewhirst v. Leopold, 194 Cal., 424, 229 P., 30; Oliver v. Weaver, 72 Colo., 540, 212 P., 978; Georgia Ry. & Electric Co. v. Tompkins, 138 Ga., 596, 75 S. E., 664; Frankfort & Versailles Traction Co. v. Hulette, 32 Ky. Law Rep., 732, 106 S. W., 1193; Barlow v. Salt Lake & U. R. Co., 57 Utah, 312, 194 P., 665.
Provided the instructions of the court limit recovery to such reasonable expenses as are proved to have been rendered necessary by the injury, it appears to me more sensible- and enlightened to permit proof of the amount of the bill rendered and a description of the services performed to be prima facie evidence of the reasonableness of the charge rather than to require the usually empty ceremonial of having a doctor testify that the charge he made for a particular service is a reasonable or customary one.
ZimmeRmaN and Matthias, JJ., concur in the foregoing concurring opinion.