MARTIN J. WALSH *vs.* ALFRED SEARS CO.

Suffolk.   January 6, 1930. — January 29, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Motor Vehicle,* Registration.   *Evidence,* Presumptions and burden of proof, Competency, Of registration of motor vehicle.   *Practice, Civil,* Requests, rulings and instructions, Exceptions.

At the trial of an action of tort for personal injuries sustained in a collision between a coupé automobile owned and operated by the plaintiff and an automobile of the defendant, the sole issue was whether the plaintiff's automobile was registered legally.   The plaintiff testified that he had purchased the coupé just previous to the collision and had "turned in" a touring car previously owned by him; that the registration plates which had been on the touring car had been transferred to the coupé; that he had procured a new registration for the coupé, a certificate of which he showed to police officers at the time of the collision; and that he lost such certificate after the accident. A witness for the defendant testified that the certificate displayed by the plaintiff at the time of the collision did not describe the coupé. The defendant introduced in evidence a certificate by the registrar of motor vehicles dated subsequent to the accident and showing merely that a certificate of registration for the number in question had been issued to the plaintiff for a touring car a few months before the accident.   *Held,* that

(1) The burden was on the defendant to show that the plaintiff's automobile was not registered legally;

(2) The certificate of the registrar of motor vehicles did not, as a matter of law, mean that the registration issued for the touring car had not been transferred to the coupé previous to the accident;

(3) The testimony by the plaintiff as to the loss of his certificate of registration after the accident need not necessarily be taken to refer to his old certificate covering the touring car, and therefore was not evidence, binding on him, that he had retained the old certificate with the result that the coupé could not have been registered properly under the same number;

(4) Testimony by the plaintiff as to attempts by him before the trial to secure a copy of his certificate of registration was admissible;

(5) The question, whether the plaintiff's coupé was registered legally at the time of the collision, was for the jury.

An exception to a refusal by a judge, at the trial of an action, to give a ruling requested by the excepting party must be overruled if the judge in his charge to the jury adequately covers the substance of the ruling requested.

TORT for personal injuries sustained in a collision between an automobile owned and operated by the plaintiff

and an automobile of the defendant.   Writ dated August 20, 1925.

At the trial in the Superior Court before *Morton*, J., the plaintiff testified that he had his certificate of registration for some time after the accident; and that it then was lost. Subject to the defendant's exception, he then testified that he went to the registry of motor vehicles just previous to the trial "to search for a copy of the registration . . . [and was told] that there was no registration copies could be had, because the registration copies were destroyed after a year"; and that he called upon a certain publishing company to find some record of that registration, but that they did not "have any licenses that year."   Other material evidence is stated in the opinion.   The judge denied a motion by the defendant that a verdict be ordered in his favor.   The jury found for the plaintiff in the sum of $1,964.   The defendant alleged exceptions.

*J. W. Coughlin,* for the defendant.

*P. D. Walsh,* for the plaintiff.

FIELD, J.   This is an action of tort to recover for personal injuries alleged to have been sustained by the plaintiff by reason of a collision between his automobile and the defendant's automobile, due to the defendant's negligence.   The case was tried by a judge and a jury.   There was a verdict for the plaintiff.   The defendant excepted to the refusal of the judge to direct a verdict for it, and to give a ruling requested by it, and to the admission of certain evidence. . The bill of exceptions states that "the sole question presented" thereby "is whether the plaintiff's. automobile was legally registered."   ·

There was no error in the refusal of the judge to direct a verdict.   The defendant had the burden of proving that the plaintiff's automobile was not registered properly. (*Conroy* v. *Mather,* 217 Mass. 91), and it could not have been ruled as matter of law that this burden was sustained.

When the collision took place on August 5, 1925, the plaintiff, according to his own testimony, was operating a "1923–1924 . . . coupe" purchased about fifteen minutes before.   He testified that he had turned in as the first

payment therefor a "1921 . . . touring car," and that the plates previously attached to the touring car were attached to the coupé at the time of the collision. He testified further that the coupé was registered, that he "had a brand new registration" which he showed to the police officers at the time of the collision, but that thereafter, before the trial, his certificate of registration was lost. On the other hand there was oral testimony from a witness called by the defendant that the certificate of registration which the plaintiff had at the time of the collision did not describe the automobile he was driving.

The defendant introduced in evidence copies from the registry of motor vehicles, certified on August 24, 1925, of the plaintiff's application for registration of a touring car and of a certificate of registration therefor, issued to the plaintiff June 3, 1925. As to this certificate of registration the registrar certified that "the annexed instruments is a true copy of the Registry of Motor Vehicles relating to a certificate of registration numbered 510849, issued to Martin J. Walsh of 199 Blue Hill Avenue, Roxbury, Massachusetts, on the Third day of June 1925." The defendant contends that this record shows that the registration of the touring car continued in effect until August 24, 1925, and therefore the coupé could not have been registered under the same number at the time of the collision. However, it cannot be ruled that this record, without extension or explanation, is a record that the registration was not transferred from the touring car to the coupé before the collision, and there was no other testimony as to the records of the registry of motor vehicles. The case, therefore, is distinguishable from *Dean* v. *Boston Elevated Railway*, 217 Mass. 495.

Furthermore we cannot say, as contended by the defendant, that the testimony of the plaintiff as to the loss of his certificate of registration after the collision was evidence, binding upon him, that he had retained the certificate of registration of the touring car and, consequently, that the coupé was not registered properly under the same number. It was not a necessary construction of the plain-

tiff's testimony, even if a possible one, that he was referring to the old certificate of registration of the touring car rather than to a new one for the coupé.

There was no error in the refusal of the judge to give the ruling requested by the defendant since its substance was covered adequately by the charge. *Buckley* v. *Frankel,* 262 Mass. 13. The plaintiff's testimony as to his search for a copy of his certificate of registration was admitted rightly.

*Exceptions overruled.*