ABBIE V. HARRINGTON *vs.* THE CUDAHY PACKING COMPANY.

SAME *vs.* LAWRENCE BERGERON.

Hampden.   September 18, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, In use of way, Motor vehicle.

At the trial of an action of tort by a woman for personal injuries suffered when an automobile driven by the plaintiff ran into a tree beside a public way while she was endeavoring to avoid a collision with a truck

negligently driven by the defendant, the plaintiff testified that as she was driving on the right-hand side of the way at the rate of from twenty to thirty miles an hour, there was approaching her a line of vehicles on the left-hand side and she observed the truck "cut out" of the line of traffic when she was about two hundred feet from the point where she afterwards struck the tree and pass three or four of the cars going in the same direction; that it was on her side of the road and travelling faster than she was; that she at once put on her foot brake, slowed down, and turned to the right off the hardened surface of the road onto the soft part at the side; that she saw that the truck could not get back into the line of traffic, but thought that it would go in the middle of the road where there was room for it; that her "eye was riveted on that driver," and she did not see the tree until she "was right on it"; that when she hit the tree she "was not going twenty at that time," but that she "hit the tree with a great deal of impact." *Held,* that it could not be ruled as matter of law that the plaintiff was not in the exercise of due care.

Two ACTIONS OF TORT for personal injuries and property damage. Writs dated July 11, 1929.

In the Superior Court, the actions were heard together by *Greenhalge,* J., without a jury. Material evidence is stated in the opinion. There was a finding in each action for the plaintiff in the sum of $3,350. The defendants alleged exceptions.

The case was submitted on briefs.

*J. H. Madden,* for the defendants.

*W. G. Brownson,* for the plaintiff.

FIELD, J. These are actions of tort brought by the plaintiff to recover for personal injuries and damage to her automobile, alleged to have resulted from the negligence of the defendant Bergeron while operating, as its agent or servant, a motor truck belonging to the defendant Cudahy Packing Company. They were tried before a judge of the Superior Court, sitting without jury, who refused to make certain rulings requested by the defendants and found for the plaintiff in both cases. The defendants excepted to the refusal of the judge to make these rulings, but now contend only that as matter of law the plaintiff was not in the exercise of due care.

The plaintiff, driving her automobile on the main highway from Holyoke to West Springfield, met a motor truck which was being driven in the opposite direction by the

defendant Bergeron, the agent or servant of its owner, the defendant Cudahy Packing Company. She turned her machine to the right so that it struck a tree on the right side of the highway. She was injured and her automobile damaged. Her testimony as to her conduct, binding upon her, was in substance as follows: She was driving twenty-five or thirty miles an hour on the right side of the highway. A line of motor vehicles was approaching on the left side. She "was watching the highway." She saw the motor truck, operated by the defendant Bergeron, "cut out" of the line of traffic when she was about two hundred feet from the tree and pass three or four of the cars going in the same direction. This truck was on her side of the road and travelling faster than her own car. "Its path was . . . directly toward . . . [her] right." As soon as she saw it she put on her foot brake, slowed down, and turned to the right off the hardened surface of the road onto the soft part at the side and proceeded thereon until she struck the tree. She saw that the truck could not get back into the line of traffic, but thought that it would go in the middle of the road where there was room for it. The plaintiff testified: "Q. You thought the car was out of control? A. It seemed so the mad way he was coming toward me. Q. Still you kept on coming? A. I was putting on the brake and doing all I could, I was off the road, I was not on the road at all, I was off on the side. Q. Yes, but the truck did not hit your car? A. No, but I was not going to stand still and have it hit me." The plaintiff testified further: "I was watching the driver, my eye was riveted on that driver, I was way off on the side, I did not suppose he would come that near to me and when I saw he was going whizzing by me I snapped off the spark and pulled the emergency at the same time he passed, I did not see the tree until I was right on it. That is the whole story." While the plaintiff was unable to state how fast she was going when she hit the tree she testified that she "was not going twenty at that time," but that she "hit the tree with a great deal of impact."

The defendants contend "that the plaintiff had ample

opportunity to stop her car along the side of the road on the graveled part or even on the hardened surface when she first saw the situation that was confronting her, and that the accident would not have happened had she not elected to rely on the ability of the defendant to get his car back in the line of traffic, and this when she thought the defendant's car was out of control.''

It cannot be ruled as matter of law that the plaintiff was not in the exercise of due care. This is not necessarily a case where she "went into the path of an obvious danger, voluntarily and not under any constraint for instant action." See *Sullivan* v. *Chadwick*, 236 Mass. 130, 137. On the contrary, according to her testimony, she carefully avoided the obvious danger of collision with the oncoming truck by turning off the hardened surface of the road and proceeding at reduced speed at the side. We cannot say that she was bound to bring her automobile to a full stop when she first saw the situation confronting her. She was entitled to some extent to rely upon the expectation that the driver of the truck would not operate it negligently and would turn into the middle of the road so that she could pass. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 425. Even if she suspected that the truck was out of control it was not necessarily imprudent for her to proceed at reduced speed rather than bring her automobile to a full stop and thus give up any chance of turning out of the way of the truck. It was a question of fact whether, in her care to avoid a collision with the truck, the plaintiff carelessly disregarded conditions at the side of the road.

*Exceptions overruled.*