JOHN C. MINNEHAN *vs.* THOMAS HILAND.

Suffolk.    February 1, 1932. — March 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way.

At the trial of an action of tort for damage to a motor truck, the plaintiff contended that the truck was damaged by being driven into the base of a signal light at the intersection of two public ways, and that it was so driven to avoid a collision with an automobile of the defendant, which, approaching from the opposite direction, suddenly and improperly had been driven out of a line of traffic and into the path of the truck in order to cross the way, on which both vehicles were, and to enter the intersecting way, and there was evidence supporting each party's contentions. It appeared that the defendant violated the provisions of G. L. c. 90, § 14, in the amended form appearing in St. 1925, c. 305, and that the driver of the plaintiff's truck violated the provisions of G. L. c. 85, § 31, in that the truck, weighing more than four tons, was driven at a speed of more than fifteen miles per hour at the time of the collision with the base of the signal. The judge refused to order a verdict for the defendant. The jury, in answer to a special question, found in substance that no act of the driver of the plaintiff's truck directly contributed "in any degree to the injury received by the plaintiff," and found for the plaintiff. *Held*, that

(1) A finding of negligence on the part of the defendant was warranted;

(2) A finding was warranted that the violation of the statute by the driver of the plaintiff's truck did not contribute to the accident;

(3) The special finding by the jury was warranted;

(4) No error appeared.

TORT.   Writ dated July 9, 1926.

In the Superior Court, the action was tried before *T. J. Hammond*, J.   Material evidence is described in the opinion. Material portions of a plan, made a part of the bill of exceptions, appear below.

The judge denied a motion that a verdict be ordered for the defendant.   There was a verdict for the plaintiff in the sum of $1,000.   The defendant alleged exceptions.

*J. J. Curran*, for the defendant.

*H. R. Donaghue*, for the plaintiff.

CROSBY, J.   This is an action of tort in which the plaintiff seeks to recover for damage caused to his motor truck at the corner of North Beacon Street and Brooks Street, in Boston.   At the close of the evidence the defendant filed a motion for a directed verdict which was denied, and the defendant excepted.   The trial judge submitted the follow-

ing question to the jury: "Did any act of the plaintiff, Minnehan, or his agent or servant directly contribute in any degree to the injury received by the plaintiff?" The answer was in the negative, and a verdict was returned in favor of the plaintiff.

The record recites that at the place of the accident North Beacon Street runs east and west and is intersected, but not crossed, by Brooks Street from the south at an angle of about eighty-five degrees, forming a triangular corner on the southerly side of North Beacon Street; and the opposite side of Brooks Street is curved where it enters North Beacon Street. At the time of the accident the latter street was thirty-eight feet wide and Brooks Street was twenty-two feet wide. There was nothing at the corners to obstruct the view of a traveller on either street. There was a signal light in the center of the entrance to Brooks Street about three and one half or four feet high, the base of which was three feet wide and about one foot high. The plaintiff's truck weighed five tons, and the load upon it weighed seven and one half tons.

The driver of the truck testified as follows: Before the accident he had been travelling on the right side of the road from the direction of Watertown. There was a line of cars coming in the opposite direction from Boston, and when his truck was about twenty feet from the signal light and he was travelling at a rate of twenty to twenty-five miles an hour the defendant's automobile pulled to the left out of the westbound line of traffic at a point eleven feet before it reached the intersection of the streets and stopped about seven feet from the signal light and in front of the truck. There was not room enough for the truck to pass between the automobile and the signal light. When the automobile swung to the left it was about twenty to twenty-five feet from the signal light. The driver of the truck stated: "When I saw my passage was blocked and I knew I didn't have room enough to stop with my brakes, I swung sharp to the right to avoid running head-on into him. When I did I tried to right my truck and the left rear wheel struck the base of this silent policeman here and I swung sharp

to the left. With that my wheel striking that, it swung the back of the truck around and it turned over and landed on the old sidewalk." He further testified that his brakes were in good condition; that at the time he turned to the right the truck and the automobile were three or four feet apart; that when the automobile came to a stop the truck was about three feet from it; that when the defendant turned out of line the truck was going twenty or twenty-five miles an hour; that he did not know the defendant gave any signal that he was about to turn out of the line; that the left rear wheel of the truck struck the signal light, moving it a foot or two and swinging the back of the truck around so that it hit the curb and landed on the sidewalk; that he did not put on his brakes, for if he had done so he would not have had room enough to swing his truck to the right and avoid the collision.

The defendant's testimony was, in substance, that on the day of the accident he came up North Beacon Street to turn into Brooks Street. As he approached the place where he intended to turn he saw two pleasure cars coming from Watertown. He stopped and these cars passed in front of him and between him and the signal light, and the truck came down and struck against the signal light with its left rear wheel and then suddenly crossed the road striking the curbstone and turned over. The truck was one hundred twenty-five feet from him when he first saw it and his automobile had stopped. There was nothing to prevent his going into Brooks Street after the pleasure cars had passed him, and at that time the truck was two hundred feet away.

As the testimony of the driver of the truck and that of the defendant as to what occurred at the time of the accident were conflicting in essential particulars, a verdict could not properly have been directed for the defendant. The questions of negligence of the defendant and due care on the part of the driver of the truck were properly submitted to the jury, both of which questions were decided adversely to the defendant.

It is obvious that both parties violated a provision of the

statutes relating to the operation of motor vehicles on public ways. The defendant admitted that he turned to the left of the line in which he was travelling. He thereby violated the provisions of G. L. c. 90, § 14, in the amended form appearing in St. 1925, c. 305, which reads in part as follows: "The person operating a motor vehicle on any way upon approaching an intersecting way or a curve or a corner in said way where his view is obstructed shall slow down and upon approaching any junction of said way with an intersecting way before turning into the same shall slow down and keep to the right of the intersection of the center lines of both ways or extensions thereof, when turning to the right, and shall pass to the right of the intersection of the center lines of said ways or extensions thereof before turning to the left."

The plaintiff acted in violation of G. L. c. 85, § 31, which reads in part as follows: ". . . no motor truck which with its load weighs more than four tons shall be operated upon any public way at a speed greater than fifteen miles an hour; and no vehicle which with its load weighs more than four tons shall travel upon any such way at a speed greater than four miles an hour when equipped with metallic tires, nor greater than twelve miles an hour when equipped with tires of rubber or other similar substance."

The jury could warrantably find upon the evidence offered by the plaintiff that the defendant, without giving any warning signal, suddenly turned out of line into the path of the truck when it was about twenty feet away from it and then stopped within seven feet of the signal light at a place where a head-on collision between the truck and the defendant's automobile would have been unavoidable if the driver of the truck had not turned quickly to his right. Upon this testimony the jury properly could have found that the defendant was negligent. *DiRienzo* v. *Goldfarb*, 257 Mass. 272, 281. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40. Ordinarily when a collision occurs between travellers upon a public way the issues of due care on the part of the plaintiff and negligence of the defendant are for the jury. *White* v. *Calcutt*, 269 Mass. 252, 255. The un-

contradicted evidence was to the effect that the truck weighed five tons and that the load upon it weighed seven and a half tons; that the truck was equipped with solid rubber tires; that when it was about twenty-five feet from the signal light it was travelling at the rate of fifteen miles an hour, and at the time the rear wheel of the truck collided with the curbstone it was travelling at the rate of twenty miles an hour. As the jury were warranted in finding negligence on the part of the defendant, the fact that the plaintiff acted contrary to the provision of the statute will not prevent recovery as it could be found that such violation did not contribute to the damage to the plaintiff's truck. If such violation did not contribute to such damage but was merely an attendant circumstance, the plaintiff is not precluded from recovery solely because of such violation. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. *Moran* v. *Dickinson,* 204 Mass. 559. *Gallup* v. *Lazott,* 271 Mass. 406. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40, 44, and cases cited.

The specific finding of the jury that no act of the plaintiff or the driver of the truck contributed to the injury was not without evidence to support it. The jury might reasonably have found, as the driver of the truck in substance testified, that by quickly turning to the right the defendant's automobile was not struck and thereby a more serious accident was avoided. No exception was saved to the charge which is not before us. It is to be assumed that the instructions were adequate and correct. The cases cited by the defendant are not applicable to the facts in the present case.

*Exceptions overruled.*