WILLIAM KZCOWSKI *vs.* SELWESTER JOHNOWICZ.

WILLIAM JOSEPH KZCOWSKI *vs.* SAME.

Franklin.    September 20, 1933. — September 11, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Motor vehicle, Contributory, In use of way, Violation of rule of registrar of motor vehicles, Proximate cause.  *Motor Vehicle,* Registration.  *Evidence,* Presumptions and burden of proof.

At the trial of an action of tort for personal injuries sustained in a collision at night between a motor cycle operated by the plaintiff and an automobile operated by the defendant, there was evidence that the plaintiff saw a dark object on the right side of the road, eighty to one hundred feet ahead of him, and thereupon reduced the speed of his motor cycle; that, while proceeding slowly and when fifteen to twenty feet from the object, he saw that it was an unlighted automobile proceeding slowly in the same direction; that the plaintiff thereupon sounded his horn and was passing to the left of the automobile, which was operated by the defendant, when the defendant suddenly turned it sharply to the left across the course of the motor cycle, whereupon the collision occurred; and that the defendant, in the mirror of his automobile, had seen the headlight of the motor cycle nearby.  *Held,* that the evidence warranted a finding that the defendant was negligent, and did not require a finding that the plaintiff was guilty of contributory negligence.

Even if a rule of the registrar of motor vehicles, that headlights of motor cycles operated on a public highway should make objects on the road within a distance of one hundred fifteen feet clearly visible, which was not introduced in evidence at the trial above described, had been introduced, a violation thereof by the plaintiff, while evidence of negligence on his part, could not properly have been ruled as a matter of law to be a bar to recovery, because findings were warranted that the collision was not due to the plaintiff's failure to see the defendant's automobile seasonably but to the act of the defendant in turning it suddenly across the course of the motor cycle, and that such violation did not have a causal connection with the collision.

On evidence, that a father gave his minor son, who had the same given name, money with which to make the initial payment in the purchase of a motor vehicle; that the seller, upon learning that the son was

a minor, required that the father sign the seller's sales slip; that the sales slip was signed by the father in a name under which he commonly was known in the vicinity; that the son registered the vehicle in a name, with no middle initial, which was his, although, to distinguish himself from his father, he had signed his name with a middle initial on his operator's license; and that both the father and the son treated the vehicle as being the property of the son, a finding was not required as a matter of law that the son was not the owner of the vehicle or that it was illegally registered.

At the trial of an action for personal injuries resulting from a collision of motor vehicles operated by the plaintiff and by the defendant respectively, where the defendant contended that a verdict should be ordered in his favor on the ground that the plaintiff's vehicle was illegally registered, the burden of proving such illegal registration was on the defendant.

Two ACTIONS OF TORT. Writs dated October 17, 1930.

The actions were tried together in the Superior Court before *Dillon,* J. Material evidence is stated in the opinion. There were verdicts for the plaintiffs in the sums, respectively, of $3,664 and of $2,000. The defendant alleged an exception in each action.

*J. D. Ross & R. J. Dunn,* for the defendant, submitted a brief.

*H. Sherman,* (*S. Blassberg* with him,) for the plaintiffs.

DONAHUE, J. The plaintiff in the first action, a minor, was injured when the motor cycle which he was driving came into collision with an automobile driven by the defendant on the Hadley Road in the town of Sunderland between 10:30 and 11 P.M. on July 16, 1930. The case of the minor plaintiff was tried with an action brought by his father for consequential damages following the son's injury. There was a verdict for each plaintiff and the cases are here on the defendant's exceptions to the denial of his motions for directed verdicts. Where the word plaintiff is hereinafter used the minor plaintiff is meant.

The facts preceding the collision, as the jury might have found them, may be briefly stated. The plaintiff on his motor cycle was proceeding along a straight, dry, macadam road eighteen feet in width, with wide shoulders on each side. The sky was clear but there was no moon. While moving at the rate of about thirty-five miles an hour the

plaintiff saw at the distance of eighty to one hundred feet ahead a dark unlighted object on his right hand side of the road. He then applied his brake for the purpose of slowing down without stopping, alternately applying and releasing the brake until his speed was reduced to twelve or fifteen miles an hour. When he came within fifteen to twenty feet of the object he saw that it was an unlighted automobile headed in the same direction as his motor cycle. He sounded his horn as a signal that he was about to pass and was proceeding to do so at the left of the center of the road and at the rate of about eighteen to twenty miles an hour when the defendant, who was driving the unlighted automobile, which had until shortly before been travelling along the road at about twenty miles an hour, suddenly made a sharp left hand turn from the right half of the road into the path of the plaintiff's motor cycle, and headed across the left half of the road toward the defendant's garage at the rate of eight to twelve miles an hour. The plaintiff applied his brake and turned farther to his left, but there was a collision. The defendant testified that he put out his hand before turning, but that might not have been believed or, if believed, might be found inadequate warning of such a turn as he made. He also testified that just before he turned to drive into his garage he saw in his mirror a light behind him about three hundred feet away. The jury might have believed that he saw a light and that it was the headlight on the motor cycle of the plaintiff but on other evidence have found that it was very much nearer than three hundred feet, so near in fact that a prudent driver of an automobile would not have chosen that instant to make a sudden left hand turn across the road. In the circumstances as they might have been found by the jury, negligence of the defendant was, and negligence of the plaintiff was not, proved. *White* v. *Calcutt,* 269 Mass. 252. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40.

The plaintiff testified on cross-examination that the headlight on his motor cycle would not disclose to him objects in the road at a greater distance than seventy-five or eighty feet ahead. The defendant here contends that a rule or

regulation of the registrar of motor vehicles promulgated under authority of G. L. c. 90, § 31, required that headlights of motor cycles operated on a public highway should make objects on the road within a distance of one hundred fifteen feet clearly visible. The record does not show that any such rule or regulation was offered in evidence as is contemplated by the statute, since it provides that a copy of such rules and regulations when attested by the registrar shall be *prima facie* evidence of the approval of those rules. Assuming that such a rule had been introduced, while its violation would be evidence of negligence, the plaintiff here would not as matter of law be precluded from recovery. The jury might have found that the failure of the plaintiff's headlamp to throw light one hundred fifteen feet ahead played no causal part in producing the collision, that he saw the automobile when eighty feet away and slowed down, and that the collision resulted not because he did not see it sooner, but because, after he saw it and with a warning to the defendant, attempted to pass, the defendant suddenly turned and drove the automobile in front of the motor cycle. *Bourne* v. *Whitman*, 209 Mass. 155. *Minnehan* v. *Hiland*, 278 Mass. 518, 523.

The jury were warranted in finding that the minor plaintiff was the owner of the motor cycle. He alone negotiated for its purchase. There was evidence that the father "presented" and that he "gave" to the son the money required for the initial payment on the purchase of the motor cycle. It was apparently treated by both as the property of the son. It did not appear that the father had a license which would permit him to operate it, that he ever did operate it or that it was ever used for his benefit or purposes. The ownership of the motor cycle was a question of fact and there was evidence which would support a finding that the son was the owner. A contrary finding was not required because the father furnished the purchase money (*Nash* v. *Lang*, 268 Mass. 407) or because the invoice or sales slip issued by the vendor bore the name of William Kozak as purchaser and was signed by the father in that name (*McTigue* v. *Ryan*, 286 Mass. 515),

by which name the father was commonly called in the town where he lived. There was evidence that the vendor upon learning that the son was a minor required that the father sign the invoice. The defendant contends that the motor cycle was improperly registered and that therefore his motions for directed verdicts should have been allowed. The burden of proving improper registration was on the defendant, *Walsh* v. *Alfred Sears Co.* 270 Mass. 296, and it could not have been ruled as matter of law that this burden was sustained. The motor cycle was registered in the name "William Kzcowski." The plaintiff testified that was his name and that he registered the motor cycle in his own name. The father testified that his name was William Joseph Kzcowski, although, because the surname was "too hard to spell out," when there was occasion to write his signature he signed "William Kozak," that being the name by which he was called in the town where he lived. The son signed his license to operate "William L. Kzcowski," the middle letter being used, as he testified, to distinguish him from his father. We think there was evidence justifying the finding that the registration was in the legal name of the son and that in the circumstances here appearing the conclusion that such a registration was proper was warranted.

*Exceptions overruled.*