ERA R. BEACH *vs.* HERMAN R. G. MINKLEY.

RAY BEACH *vs.* SAME.

MILDRED B. ORR *vs.* SAME.

HOWARD W. ORR *vs.* SAME.

Hampden.    November 9, 1938. — January 31, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory.

Evidence that, as the operator of an automobile, travelling at the rate of forty to forty-five miles per hour on a dry macadam road thirty-one feet wide, after giving a warning signal, was about to pass a motor truck which was in the center of the right hand lane, the operator of the truck, although he saw the automobile lights in his mirror, without warning turned to the left to cross the road; that the operator of the automobile then turned farther to the left, passed the truck without coming in contact with it and then "for some reason" could

not guide the automobile back into the road and struck a tree ten feet from the left of the road, warranted a finding that the operator of the truck was negligent, and did not require a ruling of contributory negligence on the part of the operator of the automobile.

On evidence that a woman passenger in the rear seat of an automobile being driven forty to forty-five miles an hour was "watching the road" but said nothing to the operator when a truck in front suddenly turned to the left across the road, a finding that she was guilty of contributory negligence was not required.

FOUR ACTIONS OF TORT. Writs in the District Court of Springfield dated February 6, 1936.

On removal to the Superior Court the actions were tried together before *T. J. Hammond,* J., and verdicts were returned for the plaintiffs in the sums of $6,000, $630, $500, and $4,659.99, respectively. The defendant alleged exceptions.

The cases were submitted on briefs.

*A. R. Simpson & A. D. Giustina,* for the defendant.

*H. A. Moran,* for the plaintiffs.

COX, J. These four actions, which were tried to a jury, arise out of an automobile accident that occurred on October 16, 1935, on a public highway in Springfield. The jury returned verdicts for the plaintiffs and the only exceptions are to the refusal of the trial judge to direct a verdict in each case for the defendant "on all the law, pleadings and evidence." The bill of exceptions recites that it contains all the evidence material to the issue. The jury could have found that the plaintiff Howard W. Orr, hereinafter referred to as Orr, was operating his automobile on the day in question westerly, on Wilbraham Road, in the direction of Springfield. His wife, the plaintiff Mildred B. Orr, and the plaintiff Era R. Beach, who is the wife of the fourth plaintiff, Ray Beach, were sitting in the rear seat. The weather was fair and the road, which was dry, was thirty-one feet wide and of black macadam. A truck driven by the defendant at a speed of from fifteen to twenty miles an hour was proceeding ahead of Orr in the same direction in about the center of the right hand lane. When Orr, who was travelling from forty to forty-five miles an hour, was about one hundred to one hundred fifty feet from

the truck he "edged" over toward the center of the road, gave a signal and started to pass the truck, when, without any warning, "without any stop light on the truck or any hand signal," the truck turned directly to the left in front of the Orr automobile. At that time Orr's automobile was about two car lengths behind the truck, and, to avoid striking it, he pulled to the left and passed in front of it when its front end was about three feet from the left hand side of the road. After passing the truck, Orr "pulled" his automobile to the right, "but for some reason the car would not guide back into the street." It continued off the road and struck a tree which was about ten feet in from the left or southerly edge of the road. There was no contact between the truck and the automobile. There were no other vehicles on the road. The defendant saw "lights coming . . . saw the lights through my mirror . . . ." There were skid marks on the roadway for a distance of eighty feet, and the distance "from where the brake marks were applied at the beginning of the skid marks to the tree was one hundred twenty-nine feet to the rear end of the car." The skid marks entered the Johnson yard at the westerly side of the driveway that goes to the Johnson house, and continued to where the automobile stopped against the tree. The defendant admitted that he "was going to turn into Mr. Johnson's driveway, but I saw lights coming."

Mrs. Beach and Mrs. Orr saw the truck when it turned to the left. Mrs. Beach "looked . . . Watched our way," and Mrs. Orr was "watching the road." The latter said nothing to Orr when she saw the truck moving across in front of them. The action of the plaintiff Ray Beach was for consequential damages.

The defendant has not argued that the evidence would not warrant a finding that he was negligent. His argument is confined to the contentions that Orr was guilty of contributory negligence and that the female plaintiffs cannot recover "for they should have warned the driver of their car concerning his speed, if it was reckless."

The jury were warranted in finding that the defendant was negligent. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40, 44.

*Minnehan* v. *Hiland,* 278 Mass. 518, 522. *Kzcowski* v.
*Johnowicz,* 287 Mass. 441, 443. *Wood* v. *Sabins,* 289 Mass.
299, 301. *Hladick* v. *Williams,* 292 Mass. 470, 472–473.
The fact that there was no physical contact between the
Orr automobile and the defendant's truck is immaterial if
the accident was the result of the defendant's negligence.
*White* v. *Calcutt,* 269 Mass. 252, 255. *Pendergast* v. *Long,*
282 Mass. 200, 204. *Perry* v. *Pianowski,* 296 Mass. 314,
317.

The defendant contends that the speed at which Orr was
operating his automobile required a ruling in his case that
he could not recover. We think it was a question of fact
for the jury to determine whether there was contributory
negligence on the part of Orr that prevented his recovery.
If we assume that the jury could have found that he was
violating the provisions of G. L. (Ter. Ed.) c. 90, § 17, as
to the rate of speed, such a finding is not necessarily con-
clusive against him. He was justified in relying to a rea-
sonable extent upon the expectation that the defendant
would not negligently turn the truck into his path. *Mur-
ray* v. *Indursky,* 266 Mass. 220, 223–224. *Harrington* v.
*Cudahy Packing Co.* 273 Mass. 15, 18. There is ample
room on a roadway thirty-one feet wide for an automobile
to pass, on the left, a truck that is travelling in the same
direction in the center of the right hand lane. Obviously,
in order to pass, the overtaking automobile must travel at
a greater speed than that of the vehicle that is being passed.
There were no other vehicles upon the highway at the
time. The jury could have found that Orr saw the truck
seasonably and gave a signal before he started to pass. It
was for the jury to say whether the speed of the automo-
bile was greater than was reasonable and proper in all the
circumstances, and, if so, whether such violation of law
was a contributory cause of the accident. We cannot say
as matter of law that Orr's inability to guide the automo-
bile back into the road after it had passed the truck was
due to his own negligence. *Arnold* v. *Brereton,* 261 Mass.
238, 241. *Hiller* v. *Desautels,* 269 Mass. 437, 441. *Hen-
nessey* v. *Moynihan,* 272 Mass. 165, 167–168.

Whether the female plaintiffs were negligent in failing to warn Orr as to the speed of the automobile was also a question of fact. "Obviously, the occurrences at the time of the accident were so nearly instantaneous that no effective warning could have been given or other act done then by the . . . [female plaintiffs] to avert it. See *Harter* v. *Boston Elevated Railway*, 259 Mass. 433, 436. Whether, in order to exercise due care . . . [they were] bound to protest against the speed of the automobile before the accident was a question of fact for the jury. See *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 499." *Gallup* v. *Lazott*, 271 Mass. 406, 409–410.

*Exceptions overruled.*