Wilson, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries. The answer is a general denial and contributory negligence.
*223 At the trial, there was evidence tending to show that the plaintiff was proceeding along Union Avenue, in Framing-ham, southerly toward the intersection of Proctor Street; that cars were parked solidly on both sides of Union Avenue for some distance up to Proctor Street; that the plaintiff was going about twenty to twenty-five miles per hour; that as he approached said intersection, he slowed down to about fifteen miles per hour; that when he was about fifty feet from the intersection, he observed the defendant’s car traveling on Proctor Street toward Union Avenue, at about fifteen miles per hour; that when the defendant was half way through the intersection, she saw the plaintiff’s car and stopped; that she intended to cross Union Avenue diagonally to Ordway Street, and at the moment of collision with the plaintiff’s car, her car was stopped in a diagonal position, about half way across Union Avenue.
The Court made the following specific findings of fact:
' ' The plaintiff brings this action to recover damages for personal injuries sustained on June 11, 1937, when an automobile operated by him on Union Avenue in Framingham collided with an automobile owned and operated by the defendant.
“I find that just prior to the collision the plaintiff was travelling in a general southerly direction on said Union Avenue in a DeSoto automobile at a rate of speed of about 25 miles per hour; that automobiles were parked on both sides of said Union Avenue for some distance northerly of the intersection of Union Avenue and Proctor Street, where the collision occurred ; that when the plaintiff was about fifty feet from Proctor Street he observed an automobile travel-ling in an easterly direction on said Proctor Street which automobile he later learned was owned and operated by the defendant; that the plaintiff ‘ slowed down’ as he approached the said intersection; that the defendant who had come out of said Proctor Street stopped her automobile diagonally across said Union Avenue, headed in a northeasterly direction, just as the *224 plaintiff arrived there, and in order to avoid a collision the plaintiff turned to the left and as he did so the rear end of his automobile came in contact with the automobile of the defendant causing said plaintiff to lose control of his motor vehicle, and he continued on diagonally to premises occupied by the Shell Oil Corporation as a gasoline station and struck an iron pole; and that the plaintiff received severe and painful injuries.
“I further find that the defendant was negligent in bringing her automobile to a stop in Union Avenue in the manner stated above.
“I find that the plaintiff was in the exercise of due care and the defendant was negligent. ’ ’
The defendant seasonably presented eleven requests for rulings. The trial court gave numbers 1, 2, 5, 6 and 9. From the report it appears that he denied numbers 3, 4, 7, 8 and 11, and took no action on number 10. The docket entries, filed with said report, show the tenth request was refused. That request must be treated by us as refused in any event. Georgeopoulos v. Georgeopoulos, 303 Mass. 231, 234.
All claim of error based upon the refusal of the defendant’s fourth and seventh requests is waived in her brief, and upon the eleventh request was waived in open court at the argument before this Division.
The remaining requests upon which the defendant now relies for her claim of error are as follows:
“3. It is not enough for a driver to grant to a vehicle approaching from his right at approximately the same instant that half of the intersection which is a continuance of the right half of the road upon which the other vehicle is travelling, but he is required to stop at the intersecting line and permit the car to his right passage. 8. The court is warranted in finding that Helen N. Anderson by stopping her car upon entering the intersection, took reasonable precautions as she neared the intersection to determine the presence of any other vehicle and by proceeding to the center of the intersection at a low rate of speed, and again *225 stopping her car to permit Joseph O’Brien’s car to pass, exercised that degree of care a reasonably prudent person would under like circumstances. 10. The manner in which Joseph O’Brien’s car was operated was the sole and proximate cause of the accident and hence Helen N. Anderson is entitled to a finding.”
In the recent case of Memishian v. Phipps, 311 Mass. 521, 522, the duty of a trial judge sitting without a jury has been restated as follows:
“It is the duty of a trial judge sitting without a jury in an action at law to make rulings of law in response to proper requests therefor, that the right of review of questions of law may be preserved, and to decide the case by making an ultimate finding of fact. Wrobel v. General Accident Fire & Life Assurance Corp. Ltd., 288 Mass. 206, 209. Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 219. But the trial judge is not required to make special findings of fact even though requested to do so. Castano v. Leone, 278 Mass. 429, 431. Gosselin v. Silver, 301 Mass. 481, 482. Nor is a trial judge required to make rulings of law not called for by proper requests. Though it often may be desirable for the trial judge voluntarily to make special findings of fact or rulings of law for the information of the parties and the presentation of the real question of law for review (see Castano v. Leone, 278 Mass. 429, 431), failure to do so is not error.”
The defendant’s third request was properly refused. There is nothing in G. L. c. 89, §8, that requires the operator of a motor vehicle to come to a stop on entering an intersection when another motor vehicle entering from his right has the right of way. Such operator is required “to grant the right of way to a vehicle which has already entered such intersection, and every driver of a vehicle entering such an intersection shall grant the right of way to a vehicle so entering from his right at approximately the same instant.” What has been said, applies also to the defendant’s eighth request. Both contain statements of fact not *226 found by the trial judge and which he was not bound to make.
The 'defendant’s tenth request also called for a finding of fact.
Whether there was a violation of G. L. c. 89, §8, by either party to the collision, was a question of fact for the trial judge, as was also the question of whether there was a violation of G. L. c. 90, §14, by the defendant, as claimed by the plaintiff. Beach v. Minkley, 302 Mass. 228, 231. Whether such violation was the proximate cause of the accident, was also a question of fact for said trial court. Beach v. Minkley, 302 Mass. 228, 231. Thibault v. Nicholas Zeo, Inc., 301 Mass. 478, 479. Wall v. King, 280 Mass. 577, 580. Falk v. Finkelman, 268 Mass. 524, 527. Even if the defendant had the right of way at the intersection, she was not absolved from the obligation of exercising reasonable care to avoid injury to other travelers upon the highway. Shockett v. Akeson, 310 Mass. 289, 291. Brightman v. Blanchette, 307 Mass. 584, 586. Gaines v. Ratnowsky, 311 Mass. 254, 258. Morton v. Dobson, 307 Mass. 394, 398. It has frequently been said that:
“Ordinarily, the issues of negligence and due care, in a collision between motor vehicles at the intersection of public ways, are for the determination of the jury.”
Morton v. Dobson, 307 Mass. 394, 397. See also Barrows v. Checker Taxi Co., 290 Mass. 231. Bresnick v. Heath, 292 Mass. 293. Avery v. R. E. Guerin Trucking Co., Inc., 304 Mass. 500. Gibbons v. Denoncourt, 297 Mass. 448. Cohen v. Martin, 298 Mass. 425. Brightman v. Blanchette, 307 Mass. 584, 586.
The trial judge found that the plaintiff slowed down as he entered the intersection, which is all that he was required to do. He was not required to stop before entering the intersection. He also found that the defendant stopped *227 her automobile diagonally across said Union Avenue in such a position as to require the plaintiff to turn sharply to the left' in an attempt to avoid a collision. All this presented to the trial court the usual intersection collision where the negligence of the defendant and the contributory negligence of the plaintiff are questions for said trial court. They are not open to us on review.
The report shows no prejudicial error and it is dismissed.