PECK et al. v. UNITED STATES.

No. 3736.

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1949.

William E. Doyle, Max D. Melville and Edward E. Pringle, all of Denver, Colo., for appellants.

Max M. Bulkeley, U. S. Atty., for the Dist. of Colorado, of Wray, Colo. and Joseph N. Lilly, Asst. U. S. Atty. for the Dist. of Colorado, of Denver, Colo., for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The appellants, Dovie Peck and Donald W. Peck, instituted this action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq. [now §§ 1346, 2671 et seq.], for damages arising out of a traffic accident on a highway in Colorado. The complaint, in substance alleged, that on the day of the accident Dovie Peck was a passenger in a car driven by her husband, Donald W. Peck; that they were driving in a northeasterly direction at a lawful rate of speed; that an Army Ambulance driven by army personnel in the course and scope of their duties was proceeding in the same direction at an excessive rate of speed; that the ambulance cut directly in front of plaintiffs' car, the two vehicles being within six inches of each other; that to prevent a serious collision, Donald W. Peck was forced to turn his car sharply to the right causing his car to overturn, with serious injury to each of the plaintiffs for which they sought recovery. The Government's answer denied that the operation of the ambulance caused the accident and affirmatively pled that the accident was the direct and proximate consequence of the negligence of Donald W. Peck. In the trial of the cause, the trial court found that the operation of the ambulance was not the proximate cause of the accident, and that the negligence of Donald W. Peck was the proximate cause thereof.

It is, of course, well settled that we will not, on appeal, weigh evidence, and that we will not disturb a judgment based upon findings of fact where the evidence was in conflict and the findings are supported by substantial evidence.[1] Appellants take the position that the findings of the trial court are contrary to all the evidence and hence they are entitled to a judgment as a matter of law.

The undisputed evidence as to the nature and condition of the highway at the place of the accident was that the road was a good oiled highway, 18 feet wide with an 8-foot shoulder, and that the curve at the point in question was broad and the view was unobstructed. There was some testimony that it had rained and the road was wet.

The substance of Donald W. Peck's testimony was that on the day in question he was traveling along the highway with his wife, his brother, Keith, and his brother-in-law, LeRoy Smith; that he stopped at a roadside restaurant, the Pepper Pod; that when he came out an Army ambulance blocked his exit; that he reentered the restaurant where he saw two soldiers and two women; that upon request the soldiers moved the ambulance and that he then proceeded on his way; that the next thing he saw was an ambulance at a point

---

[1] Sauder v. Dittmar, 10 Cir., 118 F.2d 524; Scott v. Beams, 10 Cir., 122 F.2d 777; Ryan v. Denver Union Terminal Ry. Co., 10 Cir., 126 F.2d 782; Day v. Newton, 10 Cir., 142 F.2d 582; See, Federal Rules of Civil Procedure, rule 52 (a), 28 U.S.C.A.

five miles west of Wiggins, while he was rounding the curve; that the ambulance attempted to pass him and in so doing came close to his car; that he did not see the ambulance until the back of the cab of the ambulance was even with his front door; that at the time he was traveling 45 to 50 miles per hour; that he had not seen the ambulance until the passengers in the back seat said, "watch him", and his wife likewise said, "Oh, Don"; that thereupon he moved over to the right gradually and that the two cars proceeded in that position for a while. He testified it was necessary for him to leave the highway in order to avoid contact with the ambulance and that all but about three feet of the ambulance had passed him when he turned sharply to the right causing his car to overturn. He further testified that when he first saw the ambulance as it was passing him he took his foot off the accelerator and "snubbed my brakes and made a sharp turn to the right."

The testimony of Dovie Peck, Keith M. Peck, and LeRoy A. Smith, the other passengers in the car, as to the manner in which plaintiffs' car was being operated and as to the manner in which the ambulance was operated while passing, does not differ materially from that of Donald W. Peck as outlined above. The distance between the two cars while passing, as testified to by plaintiffs' witnesses, was placed at from six to eighteen inches.

It is also to be observed that there is no direct testimony that the ambulance which plaintiffs' witnesses testified crowded them off the road was the ambulance which was parked at the Pepper Pod, and that the trial court observed there was some question whether an ambulance was involved in the accident, although that did not materially enter into the court's conclusions. The trial court found that plaintiffs' car was traveling abut 45 miles per hour and that the ambulance which they said passed them was going about 60 miles per hour.

The driver of the Government's ambulance testified that he remembered passing two automobiles as he approached Wiggins; that one was a Model A Ford and that he was not sure of the make of the other car; that he did not turn back into his lane of travel until he had passed both cars; and that he had traveled approximately fifty yards beyond the second car before he turned back into his lane of travel; that he did not see a car turn off the road nor did he hear a crash; and that he did not know there had been an accident until he reached Brush, Colorado. He further testified that he did not crowd into the right hand lane in passing the two automobiles in question. The other soldier and the two women passengers testified to substantially the same facts.

██ It is, of course, well settled law that one may be guilty of negligence in overtaking and passing another car in the absence of any contact between the two cars.[2] The mere absence of physical contact does not in itself establish lack of negligence on the part of the passing car, or if there is such negligence, that it was not the proximate cause of the injury. So, likewise, it is well established that where one is confronted with an emergency, he is not charged with the same deliberation and calmness of judgment required of one under normal conditions and circumstances.[3] On the other hand, such a one is not relieved from all responsibility. He must still act as a reasonably prudent person should when confronted with such a condition.[4] The difference in degree of

[2] Blashfields Cyclopedia of Automobile Law and Practice, Permanent Ed. § 2538; Golden v. Carnevale, 273 Mass. 159, 173 N.E. 498, 499; Prendergast v. Long, 282 Mass. 200, 184 N.E. 467; Beach v. Minkley, 302 Mass. 228, 19 N.E.2d 20; Meyer v. Niedhoefer & Company, 213 Wis. 389, 251 N.W. 237.

[3] Lebsack v. Moore, 65 Colo. 315, 177 P. 137; Larson v. Long, 74 Colo. 152, 219 P. 1066; Oklahoma Natural Gas Co. v. McKee, 10 Cir., 121 F.2d 583; Car & General Ins. Corp. v. Keal Driveway Co., 5 Cir., 132 F.2d 834; Grunsfeld v. Yenter, 100 Colo. 570, 69 P.2d 309.

[4] 5 A.J. 600, 743, (Automobiles, Secs. 171, 415); Kelly v. Kittitas County, Wash., 187 P.2d 297; Kellerher v. Porter, Wash., 189 P.2d 223; Frangos v. Edmunds, 179 Or. 577, 173 P.2d 596; Oklahoma Natural Gas Co. v. McKee, supra; Car & General Ins. Corp. v. Keal Driveway Co., supra.

care required in such cases is due only to the emergency with which one is suddenly confronted.

Certainly if the testimony of the defendant's witnesses is believed, there is no liability against the Government. But even if the testimony of plaintiffs' witnesses is accepted, the question still remains whether the driver of plaintiffs' car acted with reasonable prudence and care under the circumstances which confronted him.

While the trial court expressed some doubt as to whether the ambulance in question or any ambulance was, in fact, involved, it rested its decision on the ground that the proximate cause of the accident was the negligence of Donald W. Peck in operating his car, if in fact an ambulance attempted to pass him.

There was sufficient evidence in the record to warrant the court's conclusion that Donald W. Peck did not operate his car in a manner required of a careful, prudent driver under the conditions confronting him at the time. We cannot say, as a matter of law, that the trial court's conclusion finds no support in the record, and the judgment is, therefore, affirmed.

