TRANSCONTINENTAL BUS SYSTEM, INC., a corporation, Appellant,

v.

Teddie Mae TAYLOR, and Johnnie Lynn Taylor, a minor, by John Clifford Taylor, her father and next friend, Appellees.

No. 6015.

United States Court of Appeals Tenth Circuit.

April 25, 1959.

Robert D. Hudson, Tulsa, Okl., for appellant.

**914**

Robert R. Cress, Tulsa, Okl., and J. A. Evans, Booneville, Ark., for appellees.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and KNOUS, District Judge.

BRATTON, Chief Judge.

John Clifford Taylor, Teddie Mae Taylor, and Johnnie Lynn Taylor, a minor, by John Clifford Taylor, her father and next friend, instituted this action against Transcontinental Bus System, a corporation. The action was to recover damages arising out of a traffic accident which occurred on a highway in Kansas. The complaint was in three counts. In the first count, John Clifford Taylor, sometimes hereinafter referred to as Taylor, sought damages for personal injury, for injury to an automobile and house trailer, and for reimbursement for medical and hospital expenses. In the second count, Johnnie Lynn Taylor sought damages for personal injury. And in the third count, Teddie Mae Taylor sought damages for personal injury. The issues joined on the face of the pleadings were primary negligence on the part of the defendant in the operation of a bus, primary negligence on the part of the plaintiff Taylor in the operation of an automobile to which a house trailer was attached, and contributory negligence on the part of the plaintiff Taylor in the operation of the automobile. The cause was tried to a jury. By its verdict, the jury found for the defendant and against the plaintiff Taylor, but found for the plaintiffs Teddie Mae Taylor and Johnnie Lynn Taylor in specified amounts, respectively. Judgment was entered upon the verdict, and the defendant appealed.

■ The single contention urged for reversal of the judgment is that the court erred in denying the defendant's motion for a directed verdict made at the close of plaintiffs' evidence and renewed at the conclusion of all the evidence. The ground of the motion was that plaintiffs failed to produce sufficient evidence to make a prima facie case of negligence on the part of the defendant. While sometimes difficult of application, the general rule for the guidance of the trial court in determining whether a motion for a directed verdict on the ground of the insufficiency of the evidence has been clearly blueprinted. The general rule firmly imbedded in procedural jurisprudence in the Federal courts is that on motion for a directed verdict upon the ground of the insufficiency of the evidence to take the case to the jury on the crucial issue or issues of fact, the evidence and the inferences fairly to be drawn from the evidence must be considered in the light most favorable to the party against whom the motion is directed. And if the evidence and the inferences fairly drawn therefrom— viewed in that manner—are such that reasonable minded persons in the exercise of fair and impartial judgment may reach different conclusions upon the crucial issue or issues of fact, the motion should be denied and the question submitted to the jury. Consolidated Gas & Equipment Co. of America v. Carver, 10 Cir., 257 F.2d 111; Kippen v. Jewkes, 10 Cir., 258 F.2d 869; Commercial Standard Insurance Co. v. Feaster, 10 Cir., 259 F.2d 210. But if the facts are free from conflict and the inferences fairly to be drawn from them are plain, it is the province and duty of the court to determine the question as a matter of law. Dunn v. Kansas Gas & Electric Co., 10 Cir., 227 F.2d 939.

■ Keeping in mind the general rule of guidance to which reference has been made, we come to the crucial question whether the evidence was sufficient to warrant the submission to the jury of the issue of negligence on the part of the defendant in the operation of the bus as the proximate or a proximate cause of the accident. Since the motion for a directed verdict was directed against the plaintiffs, the evidence considered in its entirety must be viewed in the manner most favorable to them. The evidence as a whole presented conflicts and inconsistencies. But viewed in the manner most favorable to plaintiffs, evidence

was adduced which tended to establish these facts and circumstances. Taylor, his wife, Teddie Mae Taylor, and their minor daughter, Johnnie Lynn Taylor, were traveling south on a highway in Kansas. They were traveling in a Chevrolet automobile and a house trailer was being towed behind the automobile. The house trailer was eight feet wide and thirty-two feet long. A passenger bus driven by an agent of the defendant was also going south on the same highway. At a point approximately one mile north of a bridge in the village of Akron, Kansas, the automobile and trailer were going at about thirty-five miles per hour and the bus at approximately sixty miles per hour. The bus was some distance behind the automobile at that point. There was a school sign near the bridge in the village. When Taylor saw the sign he slowed down a little. And as he approached the bridge, he pulled to the left and the trailer was crowding the center line of the highway. The bus overtook the automobile and trailer as the two vehicles were approaching the bridge. The bus driver crossed over the line into the left side of the highway to pass the automobile and trailer. The horn on the bus was sounded more than once but neither Taylor nor his wife heard it. Taylor looked into the mirror of the automobile and saw the bus starting around him. It looked to him like the bus had been farther on its side of the road and was coming right into the automobile. As the bus pulled up beside the automobile, it looked to Teddie Mae Taylor like it was dreadfully close to the automobile. It was so close that it frightened her. It looked to her like the bus was going to take the fender of the automobile with it. When the bus was passing the automobile and trailer, the distance between the two vehicles was estimated variously at six or eight inches. But the two vehicles did not come in contact with each other. When Taylor saw the bus passing the automobile, he said, "Uh oh", turned the automobile to the right to keep the bus from hitting it, lost control of it, and ran off the right shoulder of the

highway. The automobile came to rest against a telephone pole, and the trailer butted into the bridge. The bus continued forward until it was clear of the automobile and trailer, crossed back to the right side of the highway, moved over to the right shoulder of the highway, and stopped three hundred or three hundred and fifty feet south of the bridge.

█ In asserting the insufficiency of the evidence to take the case to the jury upon the issue of negligence in the operation of the bus, emphasis is placed upon the fact that the bus did not come in contact with the automobile or the trailer. Section 8–532(a), General Statutes of Kansas, 1957 Supplement, provides in presently pertinent part that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing; and section 8–538(a), General Statutes of Kansas 1949, provides that the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle. Under the command of these statutes considered together, passing so closely to another vehicle going in the same direction on the highway as to be unsafe under the circumstances constitutes negligence even though the two vehicles do not come into physical contact with each other. Moreover, independent of statute, the common law duty to exercise ordinary care under the circumstances rests upon a motorist. Clayton v. McIlrath, 241 Iowa 1162, 44 N.W.2d 741, 27 A.L.R.2d 307. And under such common law rule, one may be guilty of negligence in overtaking and passing another vehicle on the highway too close for safety even though the two vehicles do not come in contact with each other. Peck v. United States, 10 Cir., 172 F.2d 336. Without further amplification or elaboration, we think the evidence in its entirety—particularly that relating to the speed at which the bus was traveling and that relating to the closeness of the two vehicles

at the time the bus was passing the automobile and trailer——was sufficient to warrant the court in submitting to the jury the issue of negligence in the operation of the bus as the proximate cause or a proximate cause of the accident, and is sufficient to support the verdict and judgment. Compare, Peck v. United States, supra.

In reaching the conclusion that the evidence was sufficient to take the case to the jury on the issue of negligence in the operation of the bus, we do not overlook the emphasis which the defendant places upon evidence tending to show that plaintiff Taylor and plaintiff Teddie Mae Taylor made certain statements soon after the accident which seem to be inconsistent with certain parts of their testimony given upon the trial. But such statements were merely for the jury to take into consideration in weighing the testimony given by such parties.

The judgment is

Affirmed.